ALBERT FRENCH *vs.* CITY OF BOSTON.

Bristol. Oct. 27. — Nov. 8, 1880. · AMES & ENDICOTT, JJ., absent.

A city, which has the duty imposed upon it by statute of maintaining a bridge as a public highway, is not liable for an injury sustained by the owner of a vessel in consequence of a detention caused by the draw of the bridge being of less width than that prescribed by law, or for the carelessness of the superintendent of the bridge in delaying the vessel, unless such liability is expressly imposed by statute.

TORT for damages alleged to have been caused by the detention of the plaintiff's schooner by the superintendent of the draw in Warren Bridge. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts in substance as follows:

On February 27, 1879, the plaintiff, with his schooner, was in the waters of Charles River below Warren Bridge, loaded with coal to be landed at a wharf above the bridge, and had a tug-boat with him engaged to tow his schooner to the wharf. He applied to the superintendent of the bridge, having charge of the draw, to have the draw opened for him to pass with his schooner. The superintendent refused to open the draw, or the ground that the plaintiff's schooner was too wide to pass through the draw. The schooner was detained one day, during which time the draw was widened to thirty-six feet in the clear and the schooner then passed through the draw. Before this widening, the draw was thirty-five feet and eight inches in width. The plaintiff's schooner was thirty-five feet and eight inches wide, and had, with a cargo of railroad iron on board, been up and down through the draw in January 1878, and up in July 1878, without difficulty, but stuck therein when coming down in July 1878, and was got through with difficulty.

The care and management of Warren Bridge and draw were, by the St. of 1870, *c.* 303, § 5, vested in a board of commissioners, consisting of one person from the city of Boston and one person from the city of Charlestown, before which time the Commonwealth had assumed control of the bridge and draw, and had at different times collected tolls. The width of the draw is fixed by the St. of 1870, *c.* 401, at thirty-six feet. In pursuance of the provisions of these statutes, the court appointed commissioners, who awarded that the expense of maintaining the bridge be borne by the two cities equally, and their award was accepted and confirmed by the court on April 18, 1871. During the latter part of the year 1872, this board of commissioners entirely reconstructed the draw. In January 1874, Charlestown was annexed to Boston, and the care, management and maintenance of the bridge was imposed upon the city of Boston by the St. of 1874, *c.* 259, and, in the same year, a superintendent of the bridge was elected by the city council of Boston, whose duties are prescribed by certain city ordinances. The draw was, on February 27, 1879, of the same width as it was when the St. of 1874 went into effect.

If the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $89.75; otherwise, for the defendant

*G. Marston*, for the plaintiff.

*H. B. Sargent, Jr.,* for the defendant.

MORTON, J. The St. of 1874, *c.* 259, imposes upon the city of Boston the duty of maintaining Warren Bridge as a public highway " at its own expense, and in accordance with such ordinances as the city council of said city may establish." The duty thus imposed upon the city is a public duty, from the performance of which it receives no profit or advantage. It is well settled in this Commonwealth, that no private action can be maintained against a city for the neglect to perform such a duty, unless it is expressly authorized by statute. *Hill* v. *Boston*, 122 Mass. 344, and cases cited. By statute, the city is liable to a traveller thereon for any defect in the highway of which the bridge is a part, but there is no statute which makes it liable to a private action for a failure to provide a draw of proper width, or for the carelessness of the superintendent of the bridge in delaying vessels which seek to pass through the draw. It follows that the plaintiff cannot maintain this action.

*Judgment for the defendant.*