## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, MIDDLESEX, AND TOLLAND,

### ON THE SECOND TUESDAY OF JANUARY, 1881.

### Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

ALBERT BURR *vs.* TOWN OF PLYMOUTH.

In this climate the duties of towns in respect to snow and ice upon their highways is very limited.

The fact that a highway has been rendered impassable by drifts of snow for three months is not of itself proof of negligence on the part of the town.

The question of negligence in such a case depends upon the further questions whether the town was able by reasonable effort, and at a cost within its means, to remove the snow, and whether the road is a public thoroughfare of importance and the reasonable demands of public travel required its removal.

The jury in passing upon the question of negligence are to consider all the circumstances—the character of the country as to its being exposed to drifts or otherwise; the general custom of country places, especially where there is a sparse population, of allowing such drifts to remain; and the impracticability of keeping the road clear for any length of time—making it a question in all cases as to what could reasonably be required of a town in all the circumstances.

The ordinary traveled track of a highway had been for a long time blocked by snow, and the public travel had worn a track by the side of the road along the ditch. The plaintiff took this side track with a heavy load and broke in through a crust of ice and snow that covered a wet place, and was injured. In a suit against the town, in which the defendants offered evidence to show that a path had been broken through the drift by the road contractor two days before the accident, making the ordinary track of the highway passable and safe, it was held that it was not enough that the plaintiff thought it safer and better to take the side track, if the regular track was reasonably open and safe. A town can not be liable for an error of judgment on the part of a traveler.

Held also that evidence was not admissible that, a little distance beyond where

the accident happened, and in the side track, there were logs and other obstruc-
tions, and that other persons had been injured in passing over them. The
only question was as to the condition of the precise place where the plaintiff
was injured, and as to the state of things which caused his injury.
The statute which makes towns liable for injuries from defective highways
contemplates only compensatory damages for such injuries.

ACTION upon the statute with regard to highways, for an
injury from a defective highway of the defendant town;
brought to the Superior Court in Hartford County, and tried
to the jury, upon the general issue, before *Hitchcock, J.*

Upon the trial the plaintiff introduced testimony to prove,
and claimed that he had proved, that on the 13th day of
March, 1879, about one o'clock in the afternoon, he had
occasion to pass over the highway in question in the town of
Plymouth, which highway it was admitted to be the duty of
the town to maintain; that he drove a pair of steady horses
attached to a heavy business wagon loaded with merchandise,
in all about one ton weight; that he sat upon a seat in the
fore end of the wagon, which was securely fastened; and
that he was accustomed to drive horses, and was driving with
the utmost care, with his horses on a walk. Also that the
highway, and especially the wrought road, for a distance of
six hundred and sixty feet, for a period of three months and
more previous to the 13th of March, had been entirely
blocked up with snow, and was thereby rendered impassable
for teams of any sort; and that the public had been com-
pelled thereby to adopt some other way for travel, and by use
had made a well-defined track in and over the ditch by the
side of the wrought way, over wet and springy ground, and
over logs, stones, bushes, and other obstructions in and about
the ditch. That this condition of things continued in the
upper part of the six hundred and sixty feet and down to
the place of the accident, at the time of the accident, but that
at that time at a point a little southerly of the place of the
accident, and about half the distance of the six hundred and
sixty feet, the travel had returned to and followed the
wrought way on the southerly half. Also that during the
three months many accidents had happened to travelers upon
that piece of highway on account of its unsafe condition, and

that its obstructed condition and these accidents were well known to the selectmen of the town, but that the town did nothing to put the highway into a reasonably safe condition.

The plaintiff also introduced evidence to prove, and claimed to have proved, that when he was so traveling upon the highway in a southerly direction, the wrought part of it was blocked up by snow, and thereby rendered impassable, and that he took the way which was then, and for a long time previously thereto had been, used by the public in and over the ditch, on the easterly side of the wrought way, and which then appeared to be the only way of travel, and that at about half the distance over the six hundred and sixty feet of way over the ditch, at a place where it was always wet and springy, his horses and some of the wheels of his wagon broke through the snow and ice (which had formed a crust or bridge over the place,) into the mud and water underneath, and that the struggling of his horses and the pitching of the wagon threw him violently out upon the ice, snow, and earth, dragging him for some distance, and one of the forward wheels went over his right leg, and the hind wheel over his left leg, causing severe and painful injuries, which disabled him from pursuing his ordinary business for three months, and from which injuries he claimed to have not yet fully recovered.

The plaintiff also offered evidence to prove that the highway was a thoroughfare; that it was the principal and usually traveled road between the towns of Bristol and Harwinton and other towns westerly and northerly of Harwinton, and half a mile from the village of East Plymouth, and about one mile from the village and railroad station of Terryville, and between four and five miles from Bristol; that it was a road of the shortest distance between the towns of Bristol and Harwinton, and at that season of the year was especially used by the traveling public as a road more free from mud than other roads; and that a very considerable amount of travel passed over the road at all seasons of the year. Also that he was at the time driving with his load from Goshen through Wolcottville, Harwinton and Plymouth to Bristol.

The plaintiff also offered evidence to prove that in the ditch, southerly of the place of the accident, and after it had occurred and the travel had resumed the regular wrought way, it appeared that there were some large stones and other obstructions over which the public travel had been forced to pass; and also to prove accidents which had occurred to other parties in passing over these obstructions. To the admission of this testimony the defendants objected, but the court admitted it.

The plaintiff also offered evidence to show the condition of the side path over which he passed in turning from the main road above the point of the accident, and within a few rods of it, and that other parties at other times during the same winter had met obstructions or sustained accidents at other places upon the side path. To the admission of this testimony the defendants objected, but the court admitted it.

The plaintiff did not claim that there was any structural defect in the highway, or that it was unsafe for public use, except as snow and ice had been suffered to remain and accumulate thereon, and thereby render it so.

The defendants offered evidence to prove, and claimed to have proved, that the highway at the place in question was, by reason of its situation and exposed condition to the winds from all quarters, extremely liable to drift; that it was almost impossible to prevent its doing so, or to keep it open; that frequently, when men and teams had gone through the road for the very purpose, and broken it open behind them, they were obliged with equal labor to break it through on their return; that some thirty years previous a new road at the foot of the hill over which this road runs, lying substantially between the same points, had been built for the purpose, in great part, of avoiding this liability of the impeding of winter travel on the road in question; and that such new road was still open and largely used, and especially so in winter. Also that the amount of travel over the road was very insignificant in amount; that it lay wholly outside of any villages or centers of population, in a rough, hilly, and sparsely settled place, upon the extreme outskirts of the

territory of the defendant town, and but a few rods from the Harwinton line; that it was no thoroughfare, and that almost if not quite its entire use was the accommodation of a scattered rural population living upon or near it. They further offered evidence to prove that at several times during that winter the main road had been opened at and past the place of the accident by Franklin B. Scott, the contractor, to whom the town had let a section of road, embracing the place in question, to maintain and keep in repair, and by others; that on the 11th of March the main road had been so opened by Mr. Scott, and had continued so open up to the time of the accident; that on the morning of the day of the accident Mr. Scott and others passed over the main road with teams, and that the road was well broken out, and in a condition suitable and safe for travel, and that if the plaintiff had kept it he could have passed in safety, and that there was no necessity for his turning off.

The defendants requested the court to charge the jury in writing upon various points, the only requests now important being the following:

6th.   That in deciding upon the question of negligence on the part of the town, the jury should consider the means at command, the general usage, the nature of the country, whether rough, hilly, or smooth, the season of the year, the amount of travel, and all the other circumstances.

7th.   That a better and safer condition of roads may reasonably be expected and required in the summer than in the spring and winter, and in populous cities than in unfrequented districts.

8th.   That in this rigorous climate the duties of cities and towns in respect to snow and ice are and must be very limited, and when snow-storms cover the ground with irregular heaps, liable to constant change by the force of changing winds, it cannot be expected that the public authorities will make paths as level, and smooth, and safe, as summer roads are reasonably required to be.

9th.   That in our country villages, and upon country roads, snow and ice are generally allowed to remain as they are left

by the laws of nature; volunteer forces of public-spirited citizens sometimes attend to places of more than usual peril or difficulty, but the selectmen as such seldom interfere; the peril is not such as to warrant the great expense in a sparsely settled village, or upon roads of no considerable amount of travel, of attempting a preventive or remedy; that the jury should take this into consideration in deciding upon the question as to whether the defendants are or are not liable.

10th. That if the jury should find against the defendants and come to the question of damages, then unless they find not only that the town was negligent, but that such negligence was wanton and willful, they must confine their verdict to the actual amount of damage which the plaintiff has proved that he has sustained.

The court charged the jury as follows:—

"The statute on which this action is based makes the town liable for injuries occasioned by defects in its highways; what is a defect in a highway is a question for the jury to decide. There is no question here about the structure of the road; the chief controversy of fact is, as to the snow and ice in the road, and in the ditch on the east side of the road. The defendants claim that they did not render the road really unsafe; the plaintiff says they did. One of the main subjects of inquiry is, whether, under all the circumstances of the case, the road was in a reasonably safe condition for public travel? And in considering this, it is proper for you to inquire as to its locality; its use as a road to and from business points; the need of the road for public use between such points. If you find the road, in view of all the circumstances, was reasonably safe for public travel, if you find it was all that ought in reason to be required for the safety of people traveling over it, then the town performed its duty and this action can not be maintained. If, in view of all the circumstances, you find the road was defective at the point of the injury, and not reasonably safe for public travel by reason of its defective condition from snow and ice or other obstruction, and that the injury was occasioned thereby, the

plaintiff in no way contributing to it, then the town would be liable if it had knowledge of such defective condition, and had reasonable time to repair the road or remedy the defect before the injury occurred.

"The duty to keep the road in a condition of reasonable safety, in view of all the circumstances, involves the duty of reasonable supervision of it; and if you find the road to have been in an unsafe condition for public travel by reason of the claimed defect, and that such claimed defect could have been known to the town by the exercise of reasonable supervision of the road, and the town neglected to exercise this, then it would be liable as much as if it had actual knowledge.

"If you find that the injury to the plaintiff was occasioned by a hidden defect, if the defect was of such a character that reasonable oversight would not detect it, the town would not be liable; but if the defect was of such a character that a reasonable regard paid to the road would have detected it, then the town would be liable.

"While it is the duty of a town to keep a road in a reasonably safe condition for public travel, having all the circumstances in view, people in passing over it, in view of all the circumstances, must exercise reasonable care in doing so; and it will be proper for you to inquire whether the plaintiff exercised such care upon the occasion in question. If you find he did not exercise such care as a reasonably cautious man would ordinarily have exercised, and that he contributed to his own injury by acting without such reasonable care, then he cannot recover.

"If a highway was not in a reasonably safe condition by reason of snow, ice, or other obstruction, so that the public travel was driven to the ditch or side of the road, as being better or more safe, and the town had knowledge of this, it is liable for injuries received in passing over such forced road or path, occasioned by its being defective. So it would be liable if the defective and unsafe condition had existed for a considerable time, so that knowledge on the part of the town could be reasonably presumed. And so it would be liable if it had no knowledge, if its want of knowledge arose from

the neglect of the town properly to supervise the road.   And in this case, if the side track was not safe, and it was impracticable and not reasonably safe to go in the main road, so that the travel was forced, or it was deemed to be more judicious, safe and better to go on the side path, the town would be liable if you find the injury occurred without fault of the plaintiff by reason of the unsafe condition of such side path.

"If you find the plaintiff is entitled to recover, you should find such damages as the plaintiff has actually received, unless you find that there has been gross want of care, wanton neglect, wanton disregard of the road on the part of the town, and that this injury was occasioned by that without fault on the part of the plaintiff contributing to it; then you will not be confined to the damage actually received, but you may give what is called 'smart money;' you may go fully into the damages, beyond what were actually suffered."

The jury rendered a verdict for the plaintiff to recover of the defendants $1,325 damages.

The defendants moved for a new trial, for error in the rulings and charge of the court and in the refusal to charge as requested.

*A. H. Fenn* and *S. O. Prentice*, in support of the motion.

*R. D. Hubbard* and *S. P. Newell*, contra.

GRANGER, J.   The first question presented upon the record is, whether the evidence offered by the plaintiff, and objected to by the defendants, was admissible.

The action was founded upon the statute relating to highways, and was for an injury received by the plaintiff upon a highway in the defendant town, the only defect in which was caused by snow and ice, no structural defect being claimed by the plaintiff.   The accident happened on the 13th day of March, 1879, not upon the ordinary traveled path of the highway, nor even upon the road bed, but, as the motion states, upon "a well defined way in and over the ditch, by the side of the wrought way, over wet and springy ground,

and over logs, stones, bushes, and other obstructions in and about the ditch." The plaintiff took this side track or way because, as he claimed, the wrought way was, and for some three months had been, for a distance of six hundred and sixty feet, blocked up by snow, and thereby rendered impassable by teams; and at about half the distance over this space, at a place where it was always wet and springy, his horses and some of the wheels of his wagon broke through the snow and ice which had formed a crust or bridge over this spot, and he received the injury complained of. There seems to have been no controversy between the parties as to the time, place and manner of the accident, nor as to its being the duty of the defendant town to keep the highway in repair.

The plaintiff, after having proved, as he claimed, all the essential allegations in his declaration, also offered evidence to prove, for what purpose does not clearly appear in the motion, "that the highway for said distance of six hundred and sixty feet, until a few days previous to the time of the accident, had been blocked up and impassable on account of snow; and that in the ditch, southerly of the place of the accident, and after it had occurred and after the travel had returned to the regular wrought way, it appeared that there were some large stones and other obstructions over which the public travel had been forced to pass. He also offered to prove that accidents had happened to other parties in passing over these obstructions."

It is impossible to see the relevancy of this testimony to the question in issue between the parties, which was whether the highway at the time and place of the accident was out of repair, in such a sense as to render the town liable under the statute upon which this action is brought.

Assuming that the way in question for some time before the accident had been blockaded with snow, (and all who have lived in, or had occasion to travel through, the high towns in Litchfield County in the winter season will be ready to concur in this assumption,) it is yet to be borne in mind that the snows do not fall by the negligence of the town, and that the blockading of the roads is not the fault of the selectmen.

It is claimed however that suffering the road to be blockaded for such a length of time showed negligence in the town, and that the evidence was admissible for that purpose. Now the simple fact that some part of a road is suffered to remain blockaded by snow for even three months, would not of itself show that the town was guilty of negligence to such an extent as to render it liable for an accident for that cause alone. It should be shown that it was within the means and power of the town to remove the blockade, and that the public necessities were such as to demand such removal. It is within the observation and knowledge of every one living in this latitude, and among our hill towns, that, owing to the rigorous climate, severe snows, and often sparse population and limited resources of the towns, there must be in many of them a considerable part of some of their roads that remains blockaded during a great part of the winter, and in fact until the snows disappear by the action of the elements. It is a physical impossibility to keep the roads in winter in many towns free from a snow blockade, and whether a town is guilty of negligence in suffering such blockade to remain, depends upon a variety of circumstances, and not upon that fact by itself.

Again there was no occasion for the introduction of any such evidence. The main fact in issue was susceptible of positive and direct proof, and the plaintiff was bound to show that the highway in question was out of repair at the time of the accident. Proof that it was out of repair by reason of snow for any time previous thereto went but little way to prove that it was so out of repair at the time of the injury. Snow is not a perpetual obstruction in this climate; it disappears by natural laws, and many times suddenly, and a blockade of to-day may be removed to-morrow by the action of the elements.

Undoubtedly towns are under some duty to the public in relation to keeping highways in traveling condition in the winter. But this court has said in the case of *Congdon* v. *City of Norwich*, 37 Conn., 414, that "it is conceded that in this rigorous climate the duties of cities and towns in respect

to snow and ice are and must be very limited." And the question whether those who are bound to keep the road in repair are justly chargeable with negligence, will depend upon " all the circumstances," not upon the one fact that the road has been blockaded with snow for a longer or shorter time. The case depends upon the further questions, whether during that time there have been means and opportunity for the town to remove the obstruction by reasonable and proper effort, and at a cost within its ability to pay, and whether the road was a public thoroughfare of any considerable importance, and the reasonable demands of the public travel required the removal of the blockade of snow. So that the fact of itself—that the road had been blockaded up to within a short time of the accident did not prove, or necessarily and legitimately tend to prove, that the accident happened in consequence of the negligence of the town.

But this evidence becomes still more objectionable when taken with the other evidence offered in connection with it, that in the ditch southerly of the place of the accident and *after* it had occurred, and the travel had returned to the regular wrought way, it appeared that there were some large stones and other obstructions over which the public travel had been forced to pass, and also that accidents had occurred to other parties in passing over these obstructions. It is to be noticed that these large stones and other obstructions, whatever they might have been, were not at the place of the accident, but a few rods southerly from it, and that they did not appear till after the accident, and after the public travel had returned to the regular roadway. The accident to the plaintiff did not happen in consequence of passing over any of these obstructions; he was in no way imperiled by them; they were not at the place of the accident; wherever they were until after the accident, the plaintiff was in no way affected by them; his liability to injury was in no way increased or diminished by the fact that these obstructions existed in the ditch south of the place where he was injured, nor was he in any way affected by the fact that other parties had met with accidents in passing over these obstructions.

Nothing appears showing that the town had any knowledge of these obstructions, or of any accidents caused by them, and it was not claimed that the main road at a point a few rods southerly of the place of the accident was not in a suitable condition for use at the time of the accident. The evidence upon both points was irrelevant and inadmissible. All the cases cited by the defendants' counsel on this point go to show that the evidence should be confined to the place of the accident, or to a place so near to it as to be fairly considered the same.

The second question is, whether the requests of the defendants as to the charge to the jury ought to have been complied with. It is apparent, upon examining the charge, that it does not cover all the points and claims made in the requests, and if the requests taken as a whole, or any of them taken separately, are proper and adapted to the facts in the case as disclosed by the motion, then they should have been complied with. An examination of the requests shows pretty clearly that most, if not all of them, were taken from the language of judges of this court in delivering opinions in well considered cases, and an examination of the facts shows equally clearly that the requests were well adapted to the matter in controversy, and the defendants were entitled to have the instructions asked for in their sixth, seventh, eighth and ninth requests given to the jury. The cases of *Congdon* v. *City of Norwich* and *Landolt* v. *City of Norwich*, 37 Conn., 414 and 615, fully sustain this view.

The instruction given to the jury in relation to the side path was also incorrect. The jury were told that "if it was deemed to be more judicious, safer and better to go on the side path the town would be liable." This might be in a given case, as we think it was in this case, making the town liable for an error in judgment on the part of the traveler. It appears that the town claimed from the facts proved that the usual way was in a safe and passable condition at the time of the accident; that on the 11th of March the main road had been opened and continued open at the time of the accident which occurred on the 13th, and that on the morn-

ing of the accident Scott, the road contractor, and others, passed over the main road with teams, and that the road was well broken out and in a suitable and safe condition for travel, and that if the plaintiff had not diverged from it he could have passed in safety, and that there was no necessity for such divergence. Now if these claims of the defendants were supported by the facts as proved, clearly the town would not have been liable. Towns are not insurers of the absolute safety of travelers; they are only bound to provide reasonable and proper roads for the public travel, and are not obliged to keep the whole width of the highway free from obstructions and in good condition for being .driven upon, and the jury ought to have been so instructed, and that if the usual traveled way was reasonably opened and in a safe condition, and the accident happened because the the plaintiff chose, or deemed it more judicious, to take the side path, which proved to be unsafe, the town was not liable.

Upon the question of damage there was a misdirection. The facts disclose no case demanding smart money. The tenth request of the defendants was reasonable and proper and should have been complied with, and if anything more than compensatory damages was claimed the jury should have been instructed that the damages should not be unlimited but confined within the recognized and well settled rules established in this state by numerous decisions of this court, commencing with *Linsley* v. *Bushnell,* 15 Conn., 225, and ending with *Wilson* v. *Town of Granby,* 47 Conn., 59. This is not an ordinary action of tort, but an action founded on an express statute, and we are not aware of any case in our own courts founded upon this statute where smart money has been awarded against a town. The cases of *Seger* v. *Town of Barkhamsted,* 22 Conn., 290, and *Masters* v. *Town of Warren,* 27 id., 293, went to the verge of the law on the subject of damages in cases of this sort. In neither of these cases was smart money as such claimed or awarded, but a definite rule of damages adopted. STORRS, C. J., in the opinion in the former case says that "it is not necessary to enquire whether or how far, in an action like the present, vindictive

or punitory damages are allowable." In the case of *Welch v. Durand*, 36 Conn., 182, BUTLER, J., in giving the opinion says:—" In what cases then may smart money be awarded in addition to the damages? The proper answer to this question deducible from that (referring to the case of *St. Peter's Church* v. *Beach*, 26 Conn., 355,) and other cases in our reports seems to be, in actions of tort founded on the malicious or wanton misconduct or culpable neglect of the defendant." The culpable neglect must be tantamount to malicious or wanton misconduct, and the action must rest upon one or the other of these elements, and no such element is embraced in the statute upon which this action is founded. The object of the statute was not to punish towns for misconduct, but to furnish a remedy to a party injured through a defect in a highway which it is made the duty of the town to keep in repair. And the whole object of the statute was to furnish a means whereby the party injured might obtain compensation for any injury he might receive, without fault on his part, by reason of any defect in the highway. The statute, prior to the revision of 1875, was that the party should recover "just damages." The word "just" is omitted in the revision, but the same idea is retained, and the same construction is to be given to the statute now as before. Damages must mean just damages, and in arriving at just damages the jury are to consider only what enters into the computation of them by well settled rules. But even if punitory or vindictive damages are to be given there should be some limit to them, and no case in our courts has gone further than allowing the plaintiff, in addition to compensation for his personal injury and suffering or loss of property, the expenses of his suit, not including the taxable costs. In this case the jury were told they might go "fully" into a consideration of the damage beyond what was actually suffered, or in other words might give smart money at their discretion. This we think cannot be vindicated upon principle, nor by any decision in this state. *Wilson* v. *Town of Granby*, 47 Conn., 59, and cases therein cited.

A new trial is advised.

In this opinion the other judges concurred.