# SUPPLEMENT.

### SYLVESTER GREENWOOD AND OTHERS *vs.* THE TOWN OF WESTPORT.

Where a drawbridge over a navigable stream constitutes a part of a public highway of a town, and is under its control, it is the duty of the town to provide a proper person to take charge of it, and open it, upon notice given, for vessels to pass through.

Where, from the neglect of a town in the matter, a vessel is damaged, it constitutes a maritime tort, for which the party injured may proceed in a court of admiralty.

Maritime torts include wrongs suffered through the negligence or malfeasance of others, where the remedy at common law is by an action on the case.

IN the United States District Court for the District of Connecticut; in admiralty.

Libel *in personam;* heard on exceptions to the jurisdiction.

*S. Park,* for the libelants.

*C. Thompson,* for the defendant.

TOWNSEND, J.  The libel alleges that the steam barge "Hebe" was proceeding up Westport river laden with coal about noon on October 26th, and, when about three quarters of a mile from a certain draw-bridge in the town of Westport, she commenced to give signals from her steam-whistle that she was approaching and desired to pass through the draw, and repeated the signals until she had nearly reached the bridge, but that no attention was paid to the signals, and that, after being compelled to wait about an hour, the Hebe was caught by the ebb-tide, struck the bottom, and sank. The libel further alleges that said draw-bridge "is a part of a public highway crossing public navigable waters of the United States; and that said draw-bridge, as a public high-

(575)

way, is in the care, control and management of the said town of Westport."

The defendant excepts to the libel on the following grounds, namely :—" because there are no allegations in the libel showing an express statutory liability, or any legal liability," and because the allegations do not bring the case within the jurisdiction of a court of admiralty.

In support of these exceptions the defendant claims that, in the absence of state legislation, there is no obligation on the part of towns to open and close draw-bridges, and that no statutory duty is imposed upon the town of Westport. It is further claimed that this bridge is not necessarily a nuisance, and that the commercial use of Westport river, at the point where it is crossed by the bridge, is not such that it would justify the expense of the constant attendance of a man at the draw.

Finally, it is claimed that a court of admiralty has jurisdiction of such cases only. where there has been an actual collision, as in trespass at common law, and not where the damage claimed indirectly results from the injury, as in case.

The first claim under the exception seems to me to overlook the nature of the jurisdiction of a court of admiralty. The libel alleges negligence in the management of a draw-bridge over a navigable stream, and damage suffered thereby. This constitutes a maritime tort. "Admiralty has jurisdiction over damage done to a vessel on navigable water by a bridge or permanent structure." *City of Boston* v. *Crowley*, 38 Fed. Rep., 202, 204; *Assante* v. *Charleston Bridge Co. et al.*, 40 Fed. Rep., 765, 767.

And if the defendant has undertaken to manage and control this draw-bridge, it is liable for misfeasance, although it might not have been originally charged with the duty of opening the draw. The evidence as to whether there was misfeasance in fact, and in regard to the alleged commercial insignificance of the navigable stream, is only admissible by way of defense.

As is stated by Judge BROWN in *Edgerton* v. *The Mayor*, 27 Fed. Rep., 233 :—" In constructing the bridge with a

draw, and in undertaking to open and manage the draw, so as to allow vessels to pass, the state and the city have recognized the right of vessels to pass through without any appeal to the national authority to protect that right. *People* v. *Saratoga & Rensselaer R. R. Co.*, 15 Wend., 113, 134, 136 ; *Escanaba Co.* v. *Chicago*, 107 U. S. R., 678, 683 ; *S. C.*, 2 Sup. Ct. Rep., 185 ; *Miller* v. *Mayor etc. of New York*, 109 U. S. R., 385, 393 ; *S. C.*, 3 Sup. Ct. Rep., 228. Having thus recognized the rights of commerce and undertaken to provide accommodations for the passage of vessels, the corporation is bound that the custodians of the bridge shall use ordinary diligence to avoid accidents to vessels going through the draw at customary hours and in the customary manner, as one of the incidents of the care, management and control of the bridge itself. It is responsible, therefore, for the want of ordinary care and diligence in its servants, and for the consequent damage."

The claim that only trespasses are included under the term maritime torts is not supported by the authorities in the federal courts. Mr. Justice GRIER in *Phila., Wil. & Baltimore R. R. Co.* v. *Phil. & Havre de Grace Steam Towboat Co.*, 23 Howard, 215, holds that maritime torts have always included wrongs suffered in consequence of the negligence or malfeasance of others where the remedy at common law is by an action on the case. It seems to me that if the town was negligent in the discharge of a duty which it had undertaken to discharge, it is immaterial whether the damage resulting therefrom consisted in an unavoidable collision with the bridge or with the rocks at the side of the channel.

The facts in the case of *Hill* v. *Board of Chosen Freeholders of Essex County*, 45 Fed. Rep., 260, were very similar to those alleged in this libel. There, as the steamer approached a draw-bridge across a navigable stream, she sounded the usual whistle to notify the bridge attendant to open the draw. The duty was so negligently performed that the propeller, without fault, collided with the bridge. Upon the question of jurisdiction Judge GREEN, after reviewing the decisions of the Supreme Court of the United States,

says :—" As locality, then, is the test of admiralty jurisdiction over torts, the critical question is, was the tort complained of committed on land or on navigable waters? The answer, whatever it may be, is decisive and final. Clearly in this case it appears that the wrongful act was committed upon navigable waters, and hence was within the jurisdiction of this court."

The exceptions to the jurisdiction are overruled.