JAMES DALY, ADMINISTRATOR, vs. THE CITY AND TOWN OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY, and HALL, Js.

The duty of building, maintaining and operating a suitable drawbridge constituting part of a public highway over a navigable river, is a public governmental duty; and no liability to an individual, for negligence in the construction or operation of the draw, attaches to a municipal corporation charged with this duty, unless imposed by statute.

The allegations of the complaint reviewed and *held* to charge negligence in the construction and operation of the drawbridge, as such, rather than neglect to keep the drawbridge, as a highway, in a reasonably safe condition for public travel.

The trial court cannot legally find a cause of action if none is alleged in the complaint.

[Argued June 8th—decided October 5th, 1897.]

ACTION to recover damages for personal injuries to the plaintiff's intestate, claimed to have been caused by the defendants' negligence, brought to the Superior Court in New Haven County and, after demurrer overruled, heard in damages to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $1,000, and appeal by the defendant for alleged errors in the rulings of the court. *Error, and judgment reversed.*

The case is sufficiently stated in the opinion.

*William B. Stoddard* and *William H. Ely*, for the appellants (defendants).

The regulation of drawbridges over navigable waters is a governmental duty. *Gilman* v. *Philadelphia*, 3 Wall. 713; *Passaic Bridge* (in Appendix), ibid. 732. In Connecticut, municipal corporations are not liable for negligence when performing a governmental duty. *Hewison* v. *New Haven*, 37 Conn. 475; *Jewett* v. *New Haven*, 38 id. 368; *Meade* v. *New Haven*, 40 id. 72; *Perkins* v. *New Haven*, 53 id. 214. See also *French* v. *Boston*, 129 Mass. 592; *Gavvin* v. *Chicago*, 97 Ill. 66. The highway and bridge being in a safe and proper condition for public travel, the duty of the town was fulfilled. *Beisiegel* v. *Seymour*, 58 Conn. 50; *Lutton* v. *Vernon*, 62 id. 11. The Special Act under which this bridge was erected does not provide that the defendants should be liable for accidents, and it is well settled that a town is not liable except made so by the statutes. *Beardsley* v. *Hartford*, 50 Conn. 537. When the facts are undisputed, negligence is a question of law. *Bennett* v. *Railroad Co.*, 57 Conn. 422; *Peltier* v. *Bradley, Dann & Carrington Co.*, 67 id. 42–49.

*James P. Pigott*, with whom was *David E. Fitzgerald*, for the appellee (plaintiff).

The grounds of demurrer have no application to the averments of the complaint. There is nothing in the complaint to show that the acts of the defendants were governmental. Governmental duties are based upon positive and obligatory legislative mandates, but the duty of operating this draw was not imposed upon the defendants, but was voluntarily assumed. Under these circumstances the defendants are liable. *Greenwood* v. *Westport*, 63 Conn. 587–606. See also *Jones* v. *New Haven*, 34 Conn. 1; *Weed* v. *Greenwich*, 47 id. 170; *Cook* v. *Ansonia*, 66 id. 423. Moreover, towns will not be justified in doing an act lawful in itself in such a manner as to create a nuisance, any more than individuals. *Mootry* v. *Danbury*, 45 Conn. 556; *Danbury & Norwalk Railroad* v. *Norwalk*, 37 id. 109; *Young* v. *New Haven*, 39 id. 435; *Ayer* v. *Norwich*, ibid. 376. There is nothing in any re-

ported case in this State that will support the theory that a municipality is not liable for damages caused by a defect in a highway, where the statute gives a remedy for damages thus occasioned. Neither *Hewison* v. *New Haven*, 37 Conn. 475, nor *Jewett* v. *New Haven*, 38 id. 368, was founded upon the statute. But in both of these cases the defense prevailed, because the neglect complained of was in reference to a strictly public duty imposed upon the defendant by legislative authority, there being no statutory liability. In the present case the court could not assume at the time the demurrer was before it, that the duty was strictly public and governmental. It nowhere appeared in the complaint that the defect which caused the injury was a necessary one to properly perform a governmental duty with. On the contrary the complaint clearly showed that it was not at all necessary to have an exposed shaft on a highway in order to open and close the draw. A boxed-up shaft would do the work equally well and without danger. The complaint showed a case of wanton injury. In such cases the plea of governmental duty is unavailing. *Bronson* v. *Wallingford*, 54 Conn. 513. The statute gives no immunity to the owners of bridges and highways where these are at times used for a special purpose. ·

TORRANCE, J. The question raised by the demurrer is whether the complaint states any cause of action at all against these defendants. If it does not, the judgment must be reversed, even if the facts found show a good cause of action ; for the finding, in a case like the present, must be founded upon the allegations of the complaint, and the trial court cannot legally find a cause of action if the complaint alleges none. " It is not enough that a party *proves* facts constituting a cause of action ; he must also have *alleged* them before he can recover." *Ives* v. *Goshen*, 63 Conn. 79, 82; *Atwood* v. *Welton*, 57 id. 514 ; *Taylor* v. *Keeler*, 50 id. 346. As we think the complaint does not set forth any cause of action, the question raised by the demurrer is decisive of the case upon this appeal, and it becomes unnecessary to consider the other questions raised upon the record.

The material parts of the complaint are these : "1. On July 10th, 1896, the defendants were in the joint ownership, use, and control of a bridge over the Quinnipiac river, in said town, connecting Ferry street, in the city of New Haven, with Meadow street, in the town of New Haven, and the repair and maintenance of said bridge was on said day in the care and charge of the defendants.   2. The said bridge was daily used by a large number of persons in crossing said river at said place.   3. On said day there was a draw in said bridge which opened for the passage of vessels.   Said draw was operated by steam power, located in an engine house above and over the floor of the draw.   From said engine house a vertical shaft descended through the floor of the draw to the gearing under said draw, and within a short distance of the sidewalk on the east side of said bridge.   4. On said July 10th, 1896, said shaft was not boxed up or enclosed so as to prevent contact with it by persons crossing said bridge.   5. On said day it was not possible for the servant of the defendants, who operated said draw by means of the engine in said engine house, to see persons located on said draw and adjacent to said shaft, while he was engaged in opening and closing said draw.   6. The said shaft revolved with great rapidity when said draw was being opened and closed.   7. Said draw was operated by steam power for about two years prior to and on said July 10th, 1896, it having previously been operated by horse power; and when said steam power was to be first applied to said draw the defendants' plans and specifications for said engine and shaft required that said shaft should be boxed up to a sufficient height to prevent contact with it by persons using said bridge.   8. On said day, between five and seven in the afternoon, the plaintiff's intestate, a child under eleven years of age, was crossing said bridge, when the engine. and shaft were put in motion to swing said draw around, and she was close to said shaft when it was thus put in motion. 9. Her clothing became entangled with said shaft, and her body was violently hurled against the trusses of said bridge and against an iron pipe running from said engine house through the floor of said draw and near to said shaft, and

because thereof both of her thigh bones were broken and crushed, and her collar bone was broken, from which said injuries she died on July 12th, 1896. 10. During the whole time that the plaintiff's intestate was on said bridge on said July 10th, 1896, she was in the exercise of due care. 11. It was the duty of the defendants to have had said shaft so boxed up on said day that the clothing of the said Margaret Daly could not have come in contact therewith while in motion, and to have had such an opening in the floor of said engine house, or other arrangement, that the operator of said engine while operating said engine and shaft could have seen the said Margaret Daly, deceased, while she was on the floor of said draw and near said shaft; and the defendants were negligent and careless in accepting said shaft and in constantly using the same without the boxing up, which the original specifications and plans for said engine and shaft called for, and which ordinary care and prudence demanded. 12. The injuries thus sustained by the said Margaret Daly, deceased, were caused by the negligence of the defendants, as above set forth."

The complaint does not in express terms allege that the bridge in question was a public bridge forming part of a public highway ; nor does it expressly allege that it was the duty of the defendants to keep it in repair ; but it does allege facts which clearly show that it was a public bridge connecting two public streets, forming part of a public highway, and in substance it alleges that the duty to keep it in repair rested upon the defendants. It is also alleged that this bridge had a draw in it for the passage of vessels, and it thus appears that there was a highway, of which the bridge formed a part, over another highway up and down the river.

Under these circumstances, if any duty whatever rests upon these defendants, either to keep the bridge in sufficient repair for public travel, or to open and operate the draw, it is imposed by statute, or it does not exist ; and if any liability for a breach of either of these duties, in favor of an individual injured thereby, rests upon them, it is imposed by statute or it does not exist at all. And the duty to provide and main-

tain this bridge as part of a public highway over the river, and the duty to build, maintain and operate a suitable draw in the bridge for the benefit of the public highway up and down the river, are public governmental duties.  *Chidsey* v. *Canton,* 17 Conn. 475, 478; *Stonington* v. *States,* 31 id. 213, 214; *Beardsley* v. *Hartford,* 50 id. 529; *Lounsbury* v. *Bridgeport,* 66 id. 360; *French* v. *Boston,* 129 Mass. 592; *McDougall* v. *Salem,* 110 id. 21; *Butterfield* v. *Boston,* 148 id. 544.

The case of *Greenwood* v. *Westport,* decided in the United States District Court for the district of Connecticut (62 Conn. 575 and 63 id. 587), one of the cases upon which the plaintiff relies, is not in conflict with the foregoing authorities upon the point that the duties aforesaid are public and governmental; for that decision rests upon the somewhat peculiar and exceptional state of facts in that case, and upon principles of maritime law that have no application here.

Whatever, then, the defendants negligently did or omitted to do, as charged in the complaint, was done or omitted in the performance of a public governmental duty.

The duty to keep the bridge in sufficient repair for public travel, is quite distinct from the duty to provide and properly operate the draw. The former relates to the bridge as and when it forms part of a public highway open for the passage of persons, animals and vehicles; the latter to the movable part of the bridge when it has, in aid of navigation, temporarily ceased to be a part of such highway; and it does not necessarily follow that the party charged with the former duty is also charged with the latter.

It is somewhat difficult to determine from the complaint whether the pleader intended to charge a breach of the former or of the latter duty; but we think the complaint must and can only be regarded as charging a breach of the latter and not of the former duty. It does not allege that the bridge as highway was defective, dangerous, or unsafe for public travel. The negligence which it alleges is mainly the failure to box the shaft, and the failure to construct the house at the draw so that the bridge-tender when operating the draw could see persons who might be near the shaft; and

these matters relate solely to the construction and use of the draw as a draw, and not to the draw as part of the highway. The only defect complained of is the danger from the shaft when revolving to operate the draw. This danger exists only when and so long as the draw is being operated, and is caused solely by such operation. When and so long as the draw is in place as a part of the highway open for public travel, the bridge appears to be perfectly safe for such travel.

Regarding the complaint, then, as charging a breach of the duty to provide a suitable draw, or of the duty to properly operate the draw as such, we think it fails to show that any liability to the decedent rested upon these defendants for the alleged breach of these duties. The Act (Vol. VII. Special Laws, 370, of which our courts are by statute bound to take judicial notice) under which this bridge appears to have been built, imposed upon the city of New Haven and the town of East Haven the duty to build and maintain this drawbridge, and imposed upon them also the expense "of opening the draw therein." It was provided that the bridge should be built by seven commissioners, and it was made their duty " to locate said bridge, and to direct in regard to the materials and manner of its construction, and to superintend the same." Afterwards, in 1881, (Vol. IX., Special Laws, 270) the duties resting upon East Haven with reference to this bridge devolved upon the town of New Haven. But the Act under which this bridge was built does not impose upon these defendants any liability to a private individual injured by a breach of the duty to provide a suitable draw or to properly operate the same, nor are we aware of any statute public or private which does impose upon them any such liability for any such breach.

If we assume, then, that at the time of the injury complained of it was the duty of these defendants to provide a draw that could be safely operated, and also to properly operate the same, and that the complaint shows this and also a breach of that duty, still the complaint utterly fails to show that these defendants are liable for such breach at the suit of a private individual injured thereby. Nor under such cir-

cumstances would the defendants be liable for the negligence of their servant and agent, the gate-tender, assuming that he was such. *Judge* v. *Meriden*, 38 Conn. 90 ; *Jewett* v. *New Haven*, ibid. 368.

If, on the other hand, the complaint can by any possibility be regarded as charging a breach of the statutory duty to keep the bridge, as a highway, in a reasonably safe condition for public travel, then it is defective in that it does not show any breach of that duty. It does not allege in terms that the bridge, as highway, was defective, out of repair, or dangerous to public travel ; nor does it state any facts which necessarily show this to be its condition. On the contrary, we think it fairly shows that so long as the draw is a part of the highway open for public travel, the shaft is not dangerous to such travel, and the bridge for such travel is perfectly safe. Under such circumstances these defendants would not be liable under the statute as for a defective highway, when it appears that the injury was caused in operating the draw. *Butterfield* v. *Boston*, 148 Mass. 544.

We think the complaint, in either aspect, fails to state any cause of action.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.