MARJORIE REDFERN WEHNER, EXECUTRIX

(Estate of Robert F. Wehner)

vs.

JOHN A. MacDONALD, HIGHWAY COMMISSIONER

Superior Court     Litchfield County     File #8513

Present:   Hon. FRANK P. McEVOY, Judge.

Blodgett & Kausman,          Attorneys for the Plaintiff.

Edward J. Daly, Atty.-Gen.,

Day, Berry & Howard,          Attorneys for the Defendant.

MEMORANDUM FILED APRIL 2, 1935.

McEVOY, J.  The plaintiff brought this action against the Highway Commissioner under **Section 1481 of the General Statutes, Rev. 1930,** claiming $50,000. damages for the death of the plaintiff's testator.  The defendant has demurred to the complaint insofar as it claims damages in excess of $10,000., on the ground that "under **Sec. 5987 of the General Statutes,** in an action surviving to or brought by an executor or administrator for injuries resulting in death, such executor or administrator may recover from the party legally at fault just damages not exceeding $10,000."  The question thus presented is whether **Sec. 5987,** with its $10,000. limit, is applicable to a claim made under Sec. 1481.

The two sections of the statutes read as follows:

"**Sec. 1481. Damages for Injuries Sustained on State Highways.** Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective road or bridge which it is the duty of the highway commissioner to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel, which railing or fence it shall be the duty of said highway commissioner to maintain, or, in case of death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the highway commissioner in the Superior Court or, in any case, within its jurisdiction, the court of common pleas. No such action shall be brought except within one year from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence sh all have been given within sixty days thereafter to the highway commissioner. Such action shall be tried to the court, and, if the court shall find for the plaintiff, the amount of the judgment rendered therein shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the highway commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it shall have so paid. The highway commissioner, with the approval of the attorney-general and the consent of the court before which any such action may be pending, may make an offer of judgment in settlement of any such claim. The highway commissioner and the State shall not be liable in damages for injury to person or property when such injury shall have occurred on any highway or part thereof abandoned by the State, on any unimproved trunk line or state aid road, or on any portion of a highway not an improved trunk line or state aid road but connecting with or crossing an improved trunk line or state aid road which por-

tion is not within the traveled portion of such trunk line or state aid road."

"**Sec. 5987. Actions for Injuries Resulting in Death: Damages.** In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his wilful, malicious or felonious. act, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding ten thousand dollars, provided no action shall be brought under this section but within one year from the neglect complained of or from the commission of such wilful, malicious or felonious act. All damages recovered under this section shall be distributed as directed in **Sec. 4983.**"

**Sec. 5987** confers a right of action coupled with a limitation as to the amount of damages recoverable. **Sec. 1481,** under which the present action was brought, also confers a right of action in a limited class of cases, but contains no limit as to the amount of damages recoverable. The question then is whether this action, brought under **Sec. 1481,** is independent of **Sec. 5987,** or whether the provisions of **Sec. 5987** are to be construed as applicable to actions brought under **Sec. 1481.**

To sustain his demurrer the defendant must show two things: (a) That **Sec. 5987** is by its terms broad enough in scope to cover an action of this kind, and (b) Assuming that the language of **Sec. 5987** is broad enough to include an action of this kind, that the limitation contained in that section was intended by the Legislature to apply to actions brought under **Sec. 1481,** in spite of the fact that the latter section contains no limitation, or reference to any statute containing such limitation.

It has been frequently held that **Sec. 1481** imposes the same liability for defective highways on the Highway Commissioner as is imposed by **Secs. 1419 and 1420 on Towns. Perrotti vs. Bennett, 94 Conn. 533, 542; Horton vs. MacDonald, 105 Conn. 357, 359, 360, 361.** In the latter case, a judgment for $25,000. for personal injuries was sustained against the Highway Commissioner for failure to maintain a proper fence. **Sec. 1481** applies to trunk lines and state aid roads. **Root vs. Connecticut Co., 94 Conn. 231; Murphy vs. Norfolk, 94 Conn. 592.**

There is no limitation expressed in Sec. 1481 upon the amount of damages that may be recovered under that section

either for injuries to person or property, or for injuries resulting in death.

It is, of course, elementary that a municipality or other sovereign body, in its exercise of a governmental function, cannot be sued without its consent and that the nature and extent of the consent thus conferred must be governed by the statute. Liability in Connecticut was first imposed upon municipalities to persons injured as a result of the negligent maintenance of public highways in 1672. Connecticut was one of the first states to repudiate by statutory enactment the previously accepted doctrine that because towns and counies act as governmental agencies of the state in the maintenance of public highways, they should be exempt from liabilities.

This early statute and its successors have been construed to create a statutory responsibility to which the rules of common law negligence are not applicable, and it is claimed by the plaintiff that an action of this nature is for the enforcement of a penalty, in the present case against the Highway Commissioner, for failure to comply with the provisions of the statutes requiring the maintenance of a proper fence of the type and construction required by the statute and that the amount of such penalty is the amount of "damages sustained" by the injured party or in case of death, his executor or administrator may maintain an action to recover such damages.

The claim that action under the provisions of Sec. 1481 is for the enforcement of a penalty is, apparently, based upon the opinion of our Supreme Court in Upton vs. Town of Windham, 75 Conn. 288, at 291, as follows:

"The State . . . provides means for the enforcement of that public duty; among these means it provides that whenever a traveler is injured through or by means of a defective highway, existing by reason of the town's failure to perform this public duty, the town shall pay, as a penalty for such failure, the just damages that may be awarded to the injured person, and authorizes such person to bring an action upon the statute against the town for the purpose of determining the amount of just damages and of enforcing the penalty."

And also upon the language used in Lavigne vs. City of New Haven, 75 Conn. 693 where at pages 695 and 696 our Supreme Court said:

"Different modes of punishing neglect of this duty, and of compelling obedience, have been provided by law; but that most effective and generally used is the fine or forfeiture measured by the actual damage suffered by an injured person in

this way the state voluntarily compensate the person injured through his reliance upon its reasonable execution of this governmental function, and punishes the municipality upon which it has imposed such execution, for neglect of duty in this respect, by compelling it to pay the compensation thus authorized as a penalty for its neglect. By force of this legislation only, and within the limits of its terms, can any action or proceeding against a town in respect to a defect in a public highway be maintained. No duty and no liability exists that is not imposed by statute. Chidsey vs. Canton 17 Conn. 475, 478; Stonington vs. States, 31 Conn. 213, 214; Burr vs. Plymouth, 48 Conn. 460, 472; Beardsley vs. Hartford, 50 Conn. 529, 537; Lousbury vs. Bridgeport, 66 Conn. 360, 364; Daly vs. New Haven, 69 Conn. 644, 648; Bartram vs. Sharon, 71 Conn. 686, 693; Upton vs. Windham, 75 Conn. 288, 292."

Language of similar import was used in Rogers vs. City of Meriden, 109 Conn. 324 and Lovell vs. City of Bridgeport, 116 Conn. 565.

In Dunn vs. MacDonald, 110 Conn. 68 at page 77 our Supreme Court said:

"It (the 1915 act) . . . constitutes, as against the State, a substitute for the right of action against municipalities . . . for defects in highways and for failure to fulfill the duty of maintaining railings or fences . . .

"There is nothing in the language of the act to indicate that it was the intent of the Legislature thereby to place less burden upon the State than that imposed upon municipalities by the General Statutes . . ."

Admitting that the purpose of the statute which imposed duties upon the towns was to require their performance of their statutory duties by the infliction of penalties for neglect to perform or default in performance does it follow that the same intent was entertained by the Legislature in reference to the liability of the State?

It might well be that it was deemed expedient to require or enforce performance by the towns by the imposition by the State of penalties upon the town taxpayers.

It is reasonable to assume that the State intended to inflict penalties upon itself for its own dereliction.

It seems more reasonable and logical to hold that it was the legislative intent that the State compensate injured persons for the fault or neglect of its Highway Commissioner by payment of just damages based upon the extent of the injury rather than through the medium of penalties.

It is urged by the plaintiff that "there would seem to be ample justification for there being no limitation of the amount of damages that may be recovered for injuries or death in an action brought under **Sec. 1481** because in such an action the question of the defendant's negligence is only incidental and subordinate to the main issue of liability which is, whether or not the Statute had been complied with, and whether, under all the circumstances surrounding the action, the highway was in a reasonably safe condition."

This claim seems to ignore the basis of recovery in **Sec. 1481**, which is "to recover damages sustained thereby". Assuming that injuries sustained by reason of a defective State highway cause death, is there any greater actual damage caused to the estate of the deceased than if his death resulted from an assault or by reason of the negligent operation of an automobile? To put it in another way—why should the estate of the deceased be enriched to a greater extent through the default or neglect of the Highway Commissioner than by reason of the default or neglect of a private individual or private corporation?

Irrespective of the cause or the action the result is the same.

It would seem inconsistent to hold that the rule or basis of liability of the State under **Sec. 1481** is more restricted and also to hold that upon the thus restricted liability the damages which may be awarded may be unrestricted and unlimited.

In 1877, **Chapter 78,** our first general act was passed extending the liability to any party "legally at fault" for injuries resulting in death from negligence. The limitation to death from negligence was dropped, **Public Acts 1903, Chapter 193, Sec. 4,** which provided that:—

"In all actions surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding $5,000.00. . . . ."

"This act was divided into five operative sections; the sixth section repealed inconsistent sections and acts."

**Section 3** of the 1903 **Act** provided, amongst other things, that it should not apply "to any civil action upon a penal statute".

The latter provision does not appear in the present **Sec. 5987, Revision 1930,** nor did it appear in the corresponding **Sec. 6137, Revision 1918.**

The plaintiff strongly urges that there is a total lack of con-

nection between Sections 1481 and 5987; that they are widely separated and have no connection.

In Root vs. Connecticut Co., 94 Conn. 227, it was held that the duty of keeping a trunk line highway in repair was by Chapter 267, Public Acts 1911, (G. S. 1486-1498), placed on the State, but that the right of action for damages against the Highway Commissioner for his neglect of duty grew out of Chapter 307, P.A. 1915—an intervening lapse of four years between the dates of the enactment of the two statutes.

In Tuohey vs. Martinjak, et al, Supreme Court, March 20, 1935—Volume 119—a guest claimed damages upon the ground that the defendant was guilty of a heedless and reckless disregard of the rights of others in the operation of an automobile.

It is well settled by the repeated decisions of our Supreme Court that conduct which would render one liable under the guest statute is distinct and clearly distinguishable from mere negligence as in other actions.

The decision of this case required and involved a determination as to whether there was a relationship and necessary connection between the statutes of limitations set out in Secs. 6011 and 6015, Revision 1930.

Neither of these sections contains any reference to heedlessness or recklessness. In that opinion our Supreme Court said:

"No doubt the underlying thought, when the change was made in 1903 striking out all reference to any particular class of defendants, was that there was no reason to discriminate between defendants on the sole ground that some were corporations and some were individual."

After a comprehensive review and a close analysis of the import and comparative meanings of the various statutes of limitations, our Supreme Court concluded that "Sec. 6015 applies to all actions to recover damages for injury to the person, whether or not that injury was caused by negligence. . . ."

By analogy the reasoning as to the comprehensiveness of Sec. 6015 applies logically to the provisions of Sec. 5987.

Chapter 242, P.A. 1911, was the forerunner of the present Sec. 5987 and in 1911, it was indexed as follows:

"Damages, limit of, in action for injuries resulting in death."

In the statutory indices of 1918 and 1930 the wording was:

"Death, causing; limit of recovery."

This indexing is under the heading "Damages" and in the index there is no reference to the form or type of action.

In interpreting the legislative intent as to Sec. 1481 our Su-

preme Court in **Perrotti vs. Bennett, 93 Conn. 533, at Page 542,** said that it was ". . . to impose upon the Highway Commissioner, as the representative of the State, the same burden theretofore laid upon the towns as respects these highways, and that the limitations upon municipal liability apply equally to State liability."

The apparent meaning of this statement was that the result flowing from the liability should not go beyond the liability itself.

In **Murphy vs. Norfolk, 94 Conn. 592 at 590,** our Supreme Court said:

"The State, in recognition of its ancient policy, has consented that its agent may be sued."

The statement that the State "may be sued" is not equivalent to the statement that the State "may be penalized".

In 1853 an Act was passed which defined the right of action against a railroad company and fixed the damage recoverable for death as "a sum not exceeding $5,000.00 and not less than $1,000.00," and also "just damages not exceeding $5,000.00." This would indicate a consistent legislative intent to regulate and limit the assessment of damages in death cases.

In **Howey, Administratrix vs. The New England Navigation Company, 83 Conn. 278,** our Supreme Court was called upon to determine the construction and interpretation of a New York Statue upon which an action was brought into Connecticut. **Sec. 1902 of the New York Code of Civil Procedure** provided, substantially, that "the executor or administrator . . . may institute an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused . . . ."

**Article I, Sec. 18, of the Constitution of New York** provided:

"The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

This law is cited because of the claim made by the plaintiff that, in **Sec. 1481,** it is required that the action be tried to the Court, as distinguished from the jury, thus tending to restrict or restrain excessive awards. This claim does not take into consideration the recognized right, power and duty of the Court to set aside the verdict of the jury, if it appears to the Court, upon all of the evidence, to be excessive.

This is strikingly illustrated in **Howey vs. New England**

**Navigation Company,** just cited, where the Superior Court at New London County set aside a verdict for $4,000.00 because the plaintiff would not remit the amount of the verdict in excess of $1,000.00, and this action was sustained by our Supreme Court.

In that case the verdict was rendered upon a complaint in which damages of $25,000.00 were asked under the New York statute by virtue of which the amount of damages in a death case might be claimed in an unlimited amount.

In that case, by the provisions of the New York statute under which the action was brought, the recovery words "fair and just compensation for the pecuniary injuries," were held to mean "reasonable compensation for such injuries, considering the character, qualities, capacity and condition of the deceased, and the age, circumstances and condition of his next of kin or the person or persons for whose benefit the action is brought, and not considering, as elements of damages, the suffering of the deceased, from the injuries or the grief of such relatives."

At **Page 29** of the plaintiff's brief it is said that:

"As a result today, however, there is admittedly a situation, equally anomalous to the common law rule prohibiting survivorship of negligence actions resulting in death in that loss of limb or eyesight as the result of negligence may conceivably result in damages in excess of $100,000.00, whereas loss of life 'the most valuable of all rights,' even through a felony, is valued at only $10,000.00.

The same thought was forcibly urged in argument to the jury in **McKiernan vs. Lehmaior, 85 Conn. Page 111,** where, in 1911, it was said:

"The judgment that may be recovered in actions of this kind is too small. In the recent campaign, both parties in their platforms pledged themselves to remove the limit in these cases. Many of you have heard my friend (referring to counsel for the defendant) urge from the platform the removal of the statutory limitation in accident cases resulting in death. In some jurisdictions, verdicts as high as thirty and forty thousand dollars have been rendered in cases of this character."

It is a matter of common knowledge that at each session of the Legislature an attempt is made to have the law changed so as to provide for an increased award in death cases.

This would indicate a general recognition that the regulation or revision of the amount which may be awarded is a

proper subject of legislative action and discretion—rather than of judicial interpretation.

The facts pleaded determine the nature and extent of the remedy acorded. It is not necessary to expressly count on the statute in the complaint and there should be no doubt about the applicability of the law to the state of facts as pleaded. **Mazzi vs. Taylor, 99 Conn. 1, 7.**

While recovery under **Sec. 1481** is not based upon "negligence" it is based upon the "neglect or default" of the State.

In **Sec. 5987** certain claisses of actions are enumerated in the disjunctive.

This section provides for recovery "from the party legally at fault, for such injuries".

There does not appear to be any real difference in the bases for recovery.

While **Section 5987** includes "negligence" as a cause of action within the terms of the statute, the basis of the recovery provided for makes no mention of "negligence" and it would seem that the statement "legally at fault" in **Sec. 5987**, is sufficiently comprehensive and all-embracing to include the basis "neglect or default of the State" as used in **Sec. 1481.**

As to the plaintiff's claim that **Secs. 1481** and **5987** are separate, distinct and unconnected, the words of our Supreme Court in **Kling vs. Torello, 87 Conn. 301 at 308** are significant:

"It is unnecessary to trace the development of our statutes imposing a civil liability for injuries to the person resulting in death. A partial outline of their history is given in **Broughel vs. Southern New England Telephone Co., 73 Conn. 614, 617.** Prior to the enactment of **Chapter 193 of the Public Acts of 1903,** that liability was, and always had been, confined to injuries occasioned by negligence. The statute then in force provided that the executor or administrator of any person whose death was caused by negligence, might recover of the party legally at fault just damages, not exceeding $5,000.00.

"**Chapter 193 of the Public Acts of 1902, Page 149,** which is the statute now in force, except as the maximum of recovery, was changed in 1911, omits the limiting words 'caused by negligence,' and provides that in all actions surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally in fault for such injuries just damages not exceeding $5,000.00."

"We must believe that this omission of the pre-existing limitation to injuries caused by negligence, and the substitution of

general comprehensive language was intentional, and with the purpose of extending the right of recovery to all cases where death was the result of injuries wrongfully inflicted. Otherwise it is difficult to conceive of a sufficient reason for the enactment of this chapter of the Public Acts of 1903. Possibly there was a desire to bring together into close relations the provisions touching the survival of actions and those concerning the right of recovery in cases of death, which had been separated in the Revision of 1902 after having been grouped in successive sections in that of 1888, Sections 1007-1009. . . . Evidently a change of policy was intended, and one which should complete the gradual development of our law upon that subject from its small beginning in cases of death from defective conditions in the highways and bridges through negligence in certain other relations to the point already reached where recovery was permitted in all cases where the death arose from negligent conduct, by including all cases of death however wrongfully caused." **Kling vs. Torello, 87 Conn. 301, at Pages 308-309.**

Quite likely the not unnatural notion prevailed that there was something unseemly in excepting from liability one who had caused a death intentionally, when one whose offense grew out of want of care was subject to liability, and that it was time that the existing discrimination in favor of intentional wrongdoers should be removed.

"The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." **Coombs vs. Darling, 116 Conn. 643 at Page 646.**

Upon a comparison of the statute and the pertinent interpretative construing cases it would appear that propositions A and B laid down at the beginning of this memorandum of decision have been reasonably established.

For the reasons stated the demurrer of the defendant is sustained.