HAWES VS. TOWN OF FOX LAKE.

HIGHWAY: (1) *Liability for defect, the rule stated.* (2) *Town not liable where person has abandoned highway.*

1. To render a town or city liable for an injury sustained on a highway, it must have been sustained by a *traveler*; and the defect of the way, either alone or combined with some matter of pure accident for which the traveler was not in fault, must have been the *sole cause* of the injury. *Houfe v. Town of Fulton,* 29 Wis., 296.

2. A certain part of a highway in the defendant town was defective from the absence of any guards where an excavation had been made on one side thereof; but plaintiff, before reaching this point, purposely left the traveled way to walk around the excavation by a route which she knew would lead her some rods from the limits of the highway before returning within them; and she received her injuries after thus leaving the highway, and at a point outside of its boundaries. Her departure from the highway was not from any necessity, but merely because "the wagon track was muddy and slippery, and the turf was pleasanter walking." *Held,* upon this evidence, *as a matter of law,* that plaintiff, at the time of such accident, was not a traveler on such highway, so as to make the town liable. *Wheeler v. Westport,* 30 Wis., 392, distinguished.

APPEAL from the Circuit Court for *Columbia* County.

The plaintiff, *Frances A. Hawes,* brought her action against the *Town of Fox Lake* to recover for injuries sustained by falling into an excavation along a public highway. On the trial, it was proven in behalf of plaintiff, that there was no barrier or guard to protect passengers against the excavation in question

at the time of the accident; that there was a ditch on the north side of the road, and that to the west and south it was commons and grass land; that the narrowest point in the road between the fence on the north and the edge of the excavation was about sixty feet east of where plaintiff fell, at which point it was thirty-six feet wide.    The plaintiff testified that she started with her son and daughter about seven o'clock in the evening to church; they went together until they came to the old wagon track or gully where it ran out to the main track, when her son spoke of going into the wagon track: "I spoke of going the other way, as I was more accustomed to go around on the grass on the south side of the excavation.    I mentioned that I would be sure and go far enough south to go round it; I stepped off while I supposed I was some distance from it; I supposed I was south of the gully; I walked off and struck on my feet and then fell and couldn't get up.    *    *    *    *    I knew of the excavation, and had for five years; the night was dark; it had rained during the day; was not raining then; it was quite dark.    *    *    There was no walk there; there was no walk on the south side; the fence on the north side had been there all the time I had lived there, and there was a path round on the south side of the excavation, where people had traveled; it was customary for some of our neighbors to pass around there."    Being asked what her object was in going around, plaintiff answered: "The wagon track was muddy and slippery, and the turf was pleasanter walking."    Upon the close of plaintiff's proof, defendant moved for a nonsuit, on the grounds, first, that the accident happened outside the highway; second, that plaintiff was not traveling the highway, but had voluntarily abandoned it; third, that she was guilty of negligence contributing to the injury; fourth, that the proof did not warrant a recovery; which motion the court overruled.

Defendant proved that the road had been traveled in its present condition about eighteen years, and was always a good road; the excavation was made by one Brower in 1851, who

owned the adjacent land south of the road; from twenty to twenty-five feet of the road in its narrowest part was in good condition for travel; the point where plaintiff fell was over four rods from the north side of the road. There was also some testimony tending to show that the excavation was entirely on Brower's land. Defendant's counsel moved the court to direct the jury to find a verdict for defendant; which motion was denied. The court refused several instructions asked by defendant, to the effect that if the injury occurred outside the limits of the highway, the excavation being wholly outside of the road as traveled, and if plaintiff knew the condition of the road and excavation, and voluntarily left the traveled track to go round the excavation for the reason that she was more accustomed to go that way, the plaintiff could not recover; also that plaintiff, knowing the condition of the road and excavation, was not justified in leaving the traveled road, unless it was out of repair, or in such condition as to make it necessary for her to leave the track in order to safely pass to her destination.

Verdict and judgment for plaintiff; and defendant appealed.

*A. Scott Sloan*, for appellant, argued that towns are not liable for defects outside their highways. *Sparhawk v. Salem*, 1 Allen, 30; *Sykes v. Town of Pawlet*, 43 Vt., 446 (5 Am. Rep., 295). Nor are they liable for defects within the limits of the highway, but outside the traveled path. *Rice v. Montpelier*, 19 Vt., 470; *Hall v. Unity*, 57 Me., 529. To the point that there was no railing or barrier at the excavation, counsel contended that no barrier was required in such a case, since the excavation was not in the traveled part of the road, nor so connected with it as to affect the safety or convenience of those using the traveled path. *Wheeler v. Town of Westport*, 30 Wis., 392, and cases there cited. The moment plaintiff left the track to go round the excavation, she ceased to be a traveler on the highway, and deliberately assumed the risk of the undertaking. By abandoning the roadway of the town and choosing her own

path, she virtually released the town from liability, and herself assumed the responsibility. The question of negligence on the part of plaintiff was one of law, and not of fact. Hence it was error to submit this question to the jury, and it should have been determined by the court, and in favor of defendant. *Wheeler v. Town of Westport, supra; Kelley v. Fond du Lac,* 31 Wis., 179.

*Dawes Brothers,* for respondent, with *E. P. Smith,* of counsel, argued, among other things, that upon the question of negli-gence on the part of plaintiff the verdict should be taken as conclusive, and the plaintiff's mistake was not necessarily negligence. *Wheeler v. Town of Westport, supra; Blood v Tyngsborough,* 103 Mass., 509. Finding the road in a dan-gerous condition, plaintiff was held to the exercise of a reason-able care in avoiding its defects. *Murphey v. Gloucester,* 105 Mass., 470; *Lyman v. Amherst,* 107 Mass., 359. And to find an abdication of her rights as a traveler, sufficient to relieve the town from responsibility, it must uppear that she knew, or was under some obligation to know, the boundaries of the road.

DIXON, C. J. The judge was guarded and particular in his instructions respecting the insufficiency of the highway, and there was nothing in that part of the charge of which the town can justly complain. The jury were informed that the defi-ciency or want of guards must have been at the point where the plaintiff passed from the highway limits ; and that if the high-way was properly guarded there, or if there was no reason in the absence of guards to apprehend danger there to those who might be passing along the highway, or from it to go round the excavation, the town would not be liable, even though the jury might think the road was unsafe by reason of want of guards farther to the east. The insufficient and dangerous condition of the road at and opposite the place where the exca-vation existed, with no barriers erected to prevent travelers from driving or walking into it, was made very clear by the testi-

mony; and the instructions given were intended to limit the liability of the town to injuries happening for want of barriers at that place, or so near to it as to make the necessity of erecting them, or the dangers to be apprehended without them things plainly to be seen and known by the officers of the town whose duty it was to oversee and keep the highway in repair. So far the charge of the court was strictly correct, and furnished no ground of objection on the part of the town.

But upon the other branch of the case, which was, whether the plaintiff was using the highway, or proceeding along in furtherance of the lawful and reasonable exercise of her right as a traveler, at the time the injury was received, or whether her relation of a traveler upon the road had not before then ceased, the instructions to the jury were erroneous. Taking the statement of the plaintiff herself and those of her two witnesses, her son and daughter, who were with her at the time of the accident, to be true, it is clear that no cause of action was proved against the town. In order to render a town or city liable on account of an injury sustained on a highway, it must have been sustained by a traveler, and the defect of the way, either alone or combined with some matter of pure accident for which the traveler was at no fault, must have been the sole cause of the injury. *Houfe v. Fulton*, 29 Wis., 296, 304, 305. The testimony of the plaintiff and of her own witnesses shows that she was not using the highway, or that part of it shown to have been defective, at the time the injury was received. She was not at that time a traveler upon the road, but her relation as such had ceased. She had knowingly, voluntarily and purposely left the traveled way to walk around the south side of the excavation by a route which she knew would lead her some rods from the limits of the highway before returning within them, and she received her injury after having so left the highway, and at a point entirely outside of its boundaries. And her departure from the highway was entirely without demand or exigency of any kind in the sense of holding the town re-

Hawes vs. Town of Fox Lake.

sponsible for damage or injury caused by any defect or obstruc-
tion existing beyond the highway limits, and at the place where
the plaintiff was passing or endeavoring to pass, instead of pur-
suing her way along the road itself, and in the path generally
followed by travelers, and which was designed by the authori-
ties of the town for that purpose. No necessity for such devi-
ation is claimed or shown, and the contrary thereof was proved
at the trial. The son and daughter of the plaintiff, walking
with her at the same time and intending to go to the same
place, chose to follow "the wagon track," and passed the exca-
vation in safety. The wagon track, or passable ground within
the highway and opposite the excavation, was from thirty-five
to forty feet wide. The plaintiff decided not to pursue the
wagon track with her son and daughter, but to go another way
round through the open grounds lying south of the public road,
and so informed her son at the time. Her reason for doing so
was, as she herself testifies, that "the wagon track was muddy
and slippery, and the turf was pleasanter walking." This was,
under the circumstances, an unauthorized and improper act on
the part of the plaintiff, if she desired to hold the town respon-
sible for her safety as a traveler on the highway. It was an im-
proper and unauthorized act which directly contributed to the
injury with liability for which she now seeks to charge the
town. It was, as argued by counsel for the town, a resolution
which, being taken and carried into effect, put an end to her
character and claim as a traveler on the highway; and thence-
forth she deliberately assumed all the risk of the new under-
taking. She voluntarily and without sufficient cause abandoned
the roadway of the town, chose her own path outside of it, and
in so doing relieved the town from responsibility for any acci-
dent which might befall her, or injury she might sustain in her
wanderings over the adjacent lands and before her return to the
highway.

The rule requiring the traveler to keep within the limits of
the highway, and generally also within the traveled part, or

so much of it as has been prepared for the use of passengers and vehicles, as well as some exceptions to the rule, or circumstances which will excuse or justify the traveler in disregarding it, are stated and explained in the case of *Kelley v. Fond du Lac*, 31 Wis., 179, and authorities there cited. It certainly cannot be a circumstance which will excuse the nonobservance of the rule, or justify the foot passenger, whether male or female, by a country road, the boundaries of which are marked, or known to him or her, in leaving such road, as for an insufficiency, and passing through the adjoining fields or vacant lands at the risk of the town for his or her safety as a traveler, that the road happens to be muddy and slippery, and the passenger finds it pleasanter walking out of it than in it. And such is in reality all the excuse or justification offered in the present case, since it appears from the plaintiff's own statement that this was her only motive for leaving the highway, and that the bad condition of the road beyond, or her real or supposed exposure to danger arising from the excavation projecting a part of the way into or across it, had no influence whatever upon her resolution or choice.

And the case of *Wheeler v. Westport*, 30 Wis., 392, discusses the same rule, but decides nothing in conflict with the views here expressed. The facts of that case were peculiar, and it was considered as if the plaintiff had been walking within the traveled track. He was so near to the track that the court said that he or any traveler would be justified in assuming that no obstruction existed at that place, and consequently might rightfully walk or drive the wheels of his carriage or wagon there, not seeing or knowing the danger at the time. But in that case care was taken to point out and distinguish it from a case like this. It was observed (page 413) in the opinion: "Had the plaintiff been walking at a greater distance, or several feet from the track, knowing that he was so, and come upon obstructions causing injury, a different question might have been presented. The question of negligence on his part might then have become

one of law." And so we think of the present case, that the question of negligence on the part of the plaintiff, or of her abandonment of the character and relation of a traveler, did become one of law, and that the court erred in submitting it as a question of fact to the jury. The court should have nonsuited the plaintiff on the motion of the town, and, failing in that, a verdict should have been directed in favor of the town and against the plaintiff.

*By the Court.*—Judgment reversed, and *venire de novo* awarded.