## ISAAC N. BARTRAM ET UX. *vs.* THE TOWN OF SHARON.

First Judicial District, Hartford, March Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The obligation to build and maintain necessary highways, which is im-
    posed upon towns in this State, is a public, governmental duty, for
    a violation of which no action lies by a private individual unless
    authorized by statute.
Section 2673 of the General Statutes provides that any person injured
    "by means of a defective road or bridge," may recover damages
    therefor. *Held* that the liability of the town thus created was
    penal in its nature, and as such ought not to be extended by impli-
    cation to cases in which the injury to a traveler on the highway was
    caused, not by the defect alone but by such defect combined with
    the culpable negligence of a fellow traveler.
Whether such combination of causes would relieve a private corpora-
    tion chargeable with the maintenance of a highway, from liability
    for damages, *quære*.
The case of *Baldwin* v. *Greenwoods Turnpike Co.*, 48 Conn. 238, distin-
    guished.

Argued March 7th—decided April 25th, 1899.

ACTION to recover damages for personal injuries claimed
to have been caused by a defective highway, brought to the
Superior Court in Litchfield County and tried to the court,
*George W. Wheeler, J.;* facts found and judgment rendered
for the plaintiff Helen D. Bartram to recover $800 damages,
and appeal by the defendant for alleged errors in the rulings
and findings of the court. *Error and cause remanded.*

The ground on which the judgment below is reversed, renders unnecessary any statement relative to several claims of error in rulings on questions of pleading and evidence.

The essential facts found by the court are these: The plaintiff Mrs. Bartram, on the evening of March 27th, 1891, entered as a gratuitous passenger the three-seated open wagon of her neighbor, Ransom B. St. John, and started in company with six others, including St. John, all being invited guests, to attend a wedding anniversary in Sharon Valley about one and one half miles from Sharon village in the town of Sharon. Mr. St. John drove his own team. The evening was dark and none of the party had a lantern, but Mr. St. John could see his horses and the roadway directly in front of him as he drove along. When he reached a point in the highway covered by a stone sluice, the wagon ran off the northerly end of the sluice, causing it to overturn, throwing the occupants out, including Mrs. Bartram, and she sustained serious injuries affecting her health and her business. The highway at this point was defective, within the meaning of § 2673 of the General Statutes. The town neglected to repair this defect. The defect was a proximate cause of the accident, which would not have happened without the defect. Mr. St. John knew the condition of the road. He could see the roadway and ought, in the exercise of ordinary diligence, to have avoided running off the sluice. He could have driven on another part of the road with no further inconvenience than some jolting. He did not use ordinary care, and his failure to use ordinary care, combined with the defective highway, caused his wagon to overturn. Had he exercised ordinary care the accident might have been avoided.

The court ruled that the contributory negligence of St. John could not be imputed to Mrs. Bartram, and rendered judgment that the plaintiff recover $800 damages.

Among the reasons of appeal assigned, are the following: The court erred in ruling that the negligence of St. John was not imputable to the plaintiff; in deciding the issues for the plaintiff after finding that St. John did not exercise

ordinary care; and in rendering judgment for the plaintiff upon the facts found. Error is also claimed in the inference of fact that Mrs. Bartram was a gratuitous passenger.

*Arthur D. Warner* and *Leonard J. Nickerson*, with whom was *James Huntington*, for the appellant (defendant).

*Donald T. Warner* and *Howard F. Landon*, for the appellees (plaintiffs).

HAMERSLEY, J. The facts found by the trial court do not support the judgment, whatever view may be taken of the other rulings claimed as erroneous. It is certainly true that one cannot be guilty of negligence, unless through some act or omission of his own or through that of his servant or agent. *The Bernina*, L. R. 12 Prob. Div. 58; *Little* v. *Hackett*, 116 U. S. 366; *Randolph* v. *O'Riordon*, 155 Mass. 331, 336. The *obiter dictum* cited from *Peck* v. *New York, N. H. & H. R. Co.*, 50 Conn. 379, 392, does not affect this settled law. It is also true that when the culpable negligence of each of two persons is the proximate cause of injury to another, the injured party may recover his whole damage from either or both of the wrongdoers. *Burrows* v. *March Gas & Coke Co.*, L. R. 5 Exch. 67, 71; *Carstesen* v. *Stratford*, 67 Conn. 428, 435. This conclusion is based upon the common law of negligence. By that law every person is bound to exercise ordinary care in respect to his acts or omissions that may endanger others. If he neglects to use this ordinary care he is legally in fault; he violates a legal duty which he owes to each person who may be exposed to the danger; that person has a correlative right to the performance of such duty and, if injured through such fault as the proximate cause, he has a right of action to recover damages of the wrongdoer. The party injured, however, is subject to the same law. He owes the same duty of ordinary care. If he violates that duty he is likewise in fault; and the person damaged through his fault has a right of action against him. When, therefore, mutual damage is the result of the concurrent fault of two persons, each has

suffered by the other's wrong. The equitable rule is that each should suffer in damages in proportion to his wrong. This rule is, under certain circumstances, applied in courts of admiralty. *Woodrop-Sims*, 2 Dodson, 83, 85. It is to a certain extent applied at law in some States, under the questionable theory of "comparative negligence." *Chicago, etc., R. Co.* v. *Gretzner*, 46 Ill. 74, 83; *U. P. R. W. Co.* v. *Rollins*, 5 Kan. 167, 180; *Augusta, etc., R. Co.* v. *McElmurry*, 24 Geo. 75, 80. It has more or less influenced the results reached in many decisions. But courts of law do not administer such equitable rule. In *Heil* v. *Glanding*, 42 Pa. St. 493, 499, the opinion of the court, delivered by JUSTICE STRONG, gives as the reason, "that the law cannot measure how much the damage suffered is attributable to the plaintiff's own fault." In *The Bernina, supra*, LINDLEY, L. J., says (p. 89): "But why in such a case the damages should not be apportioned, I do not profess to understand. However, as already stated, the law on this point is settled." Perhaps the main reason is that a trial by jury is unfitted for the safe administration of the rule. Possibly the principle that there shall be no contribution between joint wrongdoers may have had some influence. But whatever the reason may be, law courts have adopted the more practicable rule that when the fault of the plaintiff concurs with the fault of the defendant as a proximate cause of the injury, the plaintiff shall recover nothing. This concurrence of the fault of two wrongdoers by which one of them is injured, is called contributory negligence on the part of the injured party. In several of our States this arbitrary rule has been treated as constituting, not a defense, but a condition precedent to any right of action. Where the rule is so treated the burden of proof is on the plaintiff to show use of ordinary care on his part. Such is the law in this State, and in *Park* v. *O'Brien*, 23 Conn. 339, 345, CHIEF JUSTICE STORRS says: "If the plaintiff's negligence contributed essentially to the injury, it is obvious that it did not occur by reason of the defendant's negligence;" although it did in fact occur by reason of the negligence of each,—and this suggests the theory of contributory negligence. The

plaintiff in such a case, as was said by LINDLEY, L. J., in *The Bernina, supra* (p. 89), "cannot with truth say that he has been injured by the defendant's negligence; he can only with truth say that he has been injured by his own carelessness and the defendant's negligence, and the two combined give no cause of action at common law." If, however, the plaintiff is injured by means of the negligence of *A* and *B*, each being a proximate cause, he has a right of action at common law, notwithstanding he cannot say with truth as to either one that he was injured by his negligence. In such a case, as we have already seen, the injured party can recover his whole damage from either or both of the wrongdoers. The essence of the law is that a tort-feasor is responsible for the proximate effect of his tort; and that responsibility is not changed by the fact that other tort-feasors are also responsible for the same injury.

The rule of contributory negligence is an exception to the general law. But this law of negligence has no application to the present action, which is not an action of negligence but an action on a statute. We have not here the case of a party injured by the negligence of two wrongdoers. The town has committed no tort against the plaintiff. It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute.

This distinction is stated in *Eaton* v. *Boston & Lowell R. Co.*, 11 Allen, 500, 505. After holding that each of two wrongdoers is liable to the injured party for injury caused by his negligence combining with that of the other, the court says: "The cases cited by the defendants, in opposition to these propositions, against towns for injuries occasioned by defects in highways, are reconciled by the consideration that this liability of towns is wholly statutory; and, by the con-

struction given to the statute, no action can be maintained unless the injury arises wholly from the defect." The Massachusetts statute in respect to the duty and liability of towns in the repair of highways, is similar to our own, derived from an ancient statute expressed in substantially the same language as that used in the ancient statute from which our own is derived. It has uniformly been held in that State, that an injury resulting from the negligence of a third person in connection with a defect in the highway, does not happen by reason of the defect, within the meaning of the statute. *Rowell* v. *Lowell*, 7 Gray, 100 ; *Kidder* v. *Dunstable*, ibid. 104, 105 ; *Shepherd* v. *Chelsea*, 4 Allen, 113 ; *Richards* v. *Enfield*, 13 Gray, 344, 346 ; *Eaton* v. *Boston & Lowell R. Co.*, *supra*. The rule is thus stated by CHIEF JUSTICE SHAW : "Upon the true construction of the statute the town is responsible only for the direct and immediate loss occasioned by a defect in the highway ; and it follows as a consequence, that if the damage arises from a more remote cause, or from any efficient concurring cause, without which it would not have happened, or from pure accident, in either case it is not a loss for which the town is responsible." *Marble* v. *Worcester*, 4 Gray, 395, 401.

The State of Maine was formerly within the jurisdiction of Massachusetts, and its courts have construed a similar statute in the same way. *Moulton* v. *Sanford*, 51 Me. 127, 129 ; *Perkins* v. *Fayette*, 68 id. 152, 154. The rule is expressed in the headnote to *Moulton* v. *Sanford* : " If there are two efficient, independent proximate causes of an injury sustained by a traveler upon a highway, the primary cause being one for which the town is not responsible, and the other being a defect in such highway, the injury cannot be said to have been received ' through such defect ' ; and the town is not liable therefor. And it makes no difference that the traveler himself was in no fault."

The question in this form is now before us for the first time. The decisions of the courts of Massachusetts and Maine in construing the same statute are entitled to very great weight. A similar construction has been given to the

Wisconsin statute. *Hawes* v. *Fox Lake*, 33 Wis. 438, 442. A different view seems to prevail in New Hampshire. *Winship* v. *Enfield*, 42 N. H. 197. Our determination of the meaning of our own statute must be controlled by the reason rather than the authority of decisions in other States. We think the view taken in Massachusetts, so far as it affects the question before us, rests upon solid reason.

The construction and maintenance of highways is a governmental act, controlled by the sovereign law-making power. When its exercise is imposed upon a territorial corporation, such corporation is a governmental agent and is not responsible as a private corporation to any individual in respect to its neglect to execute the power. A failure to obey the law may be a public wrong, but cannot be a private wrong. Such public wrong has no answering rights in individuals, and therefore cannot be the subject of a civil action; unless made so by statute. When a statute creates a right of action in respect to such public wrong, the nature and extent of the action depends solely on the statute. The statute may turn the public wrong into a private wrong, and in broad terms make the corporation liable as a private corporation for common-law negligence; in such case the action authorized would differ little from the common-law action of negligence. This seems to be the result of highway legislation in many of the States, and in those States an action to recover for injury caused by a defect in the highway is properly treated as substantially a common-law action of negligence. But if the statute does not change the character of the public wrong, and simply imposes a penalty measured by the actual injury caused by disobedience of law, to be enforced by the party injured through an action on the statute, then the action so authorized is not an action of negligence, but an action on the statute to enforce a penalty; and the liability created depends on the commission of the very act for which the penalty is imposed.

Such is the nature of our statute enforcing the duty of towns to maintain highways in sufficient repair. This purpose and effect of our statute is conclusively settled by many

decisions.    The obligation resting upon towns in the mainte-
nance of highways, "is not imposed by the common law, but
is wholly a creature of the statute."    *Chidsey* v. *Canton*, 17
Conn. 475, 478.    "No obligation rests upon any territorial or
municipal corporation in this State by the common law to lay
out, construct or repair highways, and no application can be
made to any court to enforce such obligation, unless it is
imposed and the process is given by express statutory provi-
sion."   *Stonington* v. *States*, 31 Conn. 213, 214.    "This is
not an ordinary action of tort, but an action founded on an
express statute."   *Burr* v. *Plymouth*, 48 Conn. 460, 472.    It
is well settled that a town "is not liable for injuries from a
defect in the highway except as made so by statute."   *Beards-
ley* v. *Hartford*, 50 Conn. 529, 537.    Other cases might be
cited, but it is unnecessary.    We have recently said:  "That
the duty imposed by the statute upon the defendant (a town)
is a governmental duty ; that the liability imposed for a breach
of that duty is wholly a statutory one ; and that the damages
to be recovered for injuries resulting from such a breach can
be only such as are prescribed by the statute, are propositions
so well established that it would be superfluous to cite au-
thorities in support of them."  *Lounsbury* v. *Bridgeport*, 66
Conn. 360, 364.    This duty and liability "is imposed by stat-
ute or it does not exist."   *Daly* v. *New Haven*, 69 Conn.
644, 648.

In 1643 the towns were ordered to appoint officers to look
to the highways, who were given power to impress for one
day in each year every team and person fit for labor, to mend
the highways.    1 Col. Rec. 91.    In 1672 the General Court,
"considering the great danger that persons, horses and teams
are exposed unto, by reason of defective bridges and country
(*i. e.* general or colonial as distinguished from purely town)
highways in this jurisdiction," ordered the several townships
within the Colony to keep in sufficient repair all the highways
within their townships; and to enforce this governmental
duty, it was provided: 1. That if it should so happen that
any person should lose his life through the defect or insuffi-
ciency of any highway in passing over the same (due warn

ing having been given of such defective highway), then the town should pay a fine of £100 to his family. 2. If it should happen that any person should lose a limb or sustain other bodily injury, through or by means of such defect aforesaid, the town through whose neglect such hurt is done, should pay the party injured double damages. 3. The like satisfaction shall be made for any team, etc., to the owner thereof in proportion to the damage sustained as aforesaid. It was further provided, "for the prevention of danger which may come by the insufficiency" of highways, that the town may have process to impress the workmen required for any needful repairs. These forfeitures and damages were to be recovered by action, bill, plaint or information. Acts of 1672, p. 7. This Act appears substantially unchanged in the Compilation of 1808, p. 119; also in the Revision of 1821, p. 266, the penalty of "double damages" being changed to "just damages." In the Revision of 1849, pp. 416, 417, the fine for loss of life is omitted; the language does not otherwise substantially differ from that in the Revision of 1821. The Revision of 1866, p. 493, follows that of 1849. In the Revision of 1875, pp. 231, 232, the language used in that of 1866 is somewhat altered, for the sake of condensation. The General Statutes of 1888, §§ 2666, 2672, follow the Revision of 1875. The penalties have been modified and altered in succeeding Revisions, but as affecting the duty and liability of the towns, the Act of 1672 is in force to-day. *Lounsbury* v. *Bridgeport, supra,* p. 365. See also Revision of 1875, p. 332, note.

Such an Act should not be extended by construction beyond the plain meaning of its words. The liability of the towns is to pay a penalty. In *Moulton* v. *Sanford, supra* (p. 129), the court in speaking of a similar statute, DAVIS, J., delivering the opinion, says: " The statute is in its nature penal, as well as remedial, and ought to be construed strictly " (perhaps this modification should be added: in respect to its penal provisions); the duty to repair is mainly remedial. The conditions upon which this penalty is incurred, are these: 1. A defect in the highway, *i. e.* by want of sufficient repair it is unfit for safe use as a highway. 2. A failure or neglect by

the town to make such sufficient repair; involving the questions of reasonable notice and knowledge, and reasonable time. 3. An injury caused through or by means of the defect. 4. Such injury to a person "in passing over a highway," *i. e.* while in the lawful use of the way. The authorities are conclusive that the protection given by the State extends only to those persons for whose common use the highway was established. *Wilson* v. *Granby*, 47 Conn. 59, 73; *Ward* v. *North Haven*, 43 id. 148, 154; *Gregory* v. *Adams*, 14 Gray, 242, 248; *Blodgett* v. *Boston*, 8 Allen, 237; *Richards* v. *Enfield*, 13 Gray, 344, 346; *Hawes* v. *Fox Lake*, 33 Wis. 438; *Harper* v. *Milwaukee*, 30 id. 365, 371; *Holman* v. *Townsend*, 13 Metc. 297, 299. In the last case CHIEF JUSTICE SHAW says: "The construction, which has been put on this provision . . . is, that it must be a damage sustained in using the road, and also in using it with due care and skill." Other cases may be cited in these States and in Maine and Vermont. All these conditions must concur before the town is liable for any penalty. It follows that an injury caused by the culpable negligence of a traveler, whether to himself or to another, does not happen by means of or through a defect in the highway, even if such defect were a concurring cause. One reason why a person injured through his own carelessness cannot maintain an action against the town is, that the injury caused by his own carelessness is not through or by means of the defect. This reason applies with equal force when the injury is caused through the carelessness of a third person. If the language of the statute had been used in reference to a common-law tort, it might well be claimed that it is broad enough to cover an injury resulting from two combining torts; for in that case the controlling question would be,—has the defendant committed a tort? But the language is not so used; it does not refer to a common-law tort. There is, therefore, no question involved as to the liability of the town for a wrong which cannot be defeated by any concurring wrong; the language is simply defining the conditions of a statutory penalty, and when it says that penalty shall arise in case of an injury caused through or by

means of a defect in the highway, it is an extension of the natural meaning of the words to include an injury caused by the wrongful act of a third person and such defect. It cannot with truth be said that the injury is caused by the defect. This appears more clearly in considering the other purpose of the Act, which is intended not merely to stimulate towns to the performance of a governmental act by imposing a penalty for failure, but also to indemnify against the dangers of an insufficient highway all who put it to its proper use. And so the amount of the penalty is given by the State to the party injured. This is a gift of State money raised by taxation for government purposes. It is immaterial whether the money is raised by a State tax or a town tax; whether the amount is adjusted and awarded upon application to State officers, or upon an action on the statute against the town; in either case it is a gift from the State. But it is only those who are injured in passing over the highway by reason of a defect, who are thus indemnified. When the State says we will give certain persons who are injured through defects in the highway, a just compensation, it by no means follows, and ought not to be implied, that the terms of this gift include those who are really injured by the illegal acts of other persons responsible for their wrongs. The State protects the traveling public from unnecessary defects; but not from each other's carelessness while in the common use of the way.

When, therefore, in this case the Superior Court finds that the wrongful act of the plaintiff's driver is a proximate cause of her injury, it finds a fact inconsistent with the liability of the town; and upon the facts found judgment for the defendant is the conclusion of the law.

The plaintiffs place much reliance on a *dictum* in *Carstesen* v. *Stratford, supra.* The *dictum* is a correct statement of the common law. It was used only by way of illustration or analogy. The case was decided upon a Special Act making two corporations liable for the same defect. The question now before us was not considered.

The rule as to a town's liability does not necessarily apply to private corporations responsible for the repair of highways;

Bartram et Ux. *v.* Sharon.

as to them or some of them the statutory obligation may be in affirmation of a common-law liability for negligence. *Goshen, etc., Co.* v. *Sears,* 7 Conn. 86, 93. But that question is not now involved.

Nor are we concerned in this case with the effect of accident as a partial cause of an injury. Almost every injury from a defect in a highway, which is not induced by wrongful human agency, must to some extent be the result of accident. The words of the statute, while their meaning ought not to be extended, must receive a reasonable construction. The exclusion of every injury in which the law of chances plays any part, would hardly be reasonable. On the other hand, the accident may be of such a nature, so direct and separate in its operation, that the defect in the highway cannot fairly be said to have been the essential cause of injury. The case of *Baldwin* v. *Greenwoods Turnpike Co.*, 40 Conn. 238, claimed to be inconsistent with our view, can be supported as to the very point decided, without adopting all the discussion of the opinion relative to accident. Whether that discussion is affected, or to what extent it may be affected, by our present decision, need not now be considered. The precise point decided in this case is, that a traveler on a highway cannot be injured through a defect in the highway, within the meaning of our statute, when the culpable negligence of a fellow-traveler is a proximate cause of his injury. We think this construction is demanded by the language and history of the Act, and also that it is in accord with sound public policy.

The duty imposed upon towns in the repair of highways, however necessary it may be, is a very onerous one and operates more harshly to-day than formerly; there are several means provided by statute for compelling a performance of this duty; the liability to the unlimited penalty of indemnification ought not to be extended beyond the obvious justice which may support it; and certainly no just necessity requires the State to offer to those composing the traveling public indemnity at the expense of the towns, for injuries resulting from the culpable negligence of each other.

There is error, the judgment of the Superior Court is

reversed and the cause remanded that judgment may be rendered in accordance with this opinion.

In this opinion the other judges concurred.