## ELSON v. TOWN OF WATERFORD.

### (Circuit Court, D. Connecticut. November 2, 1905.)

### No. 559.

ABATEMENT AND REVIVAL—RIGHTS OF ACTION WHICH SURVIVE—ACTION FOR PERSONAL INJURY.

Gen. St. Conn. 1902, § 2020, giving any person injured in person or property by means of a defective road or bridge a right of action for damages against the municipality whose duty it is to maintain such road or bridge in repair, is not a penal statute in such sense that a right of action thereon does not survive the death of the person injured.

At Law. On motion by defendant for judgment notwithstanding verdict.

This is an action by plaintiff, as administrator of Jacob Elson, based on Gen. St. Conn. 1902, § 2020, to recover damages for an injury received by his intestate by being dragged from a load of stone, on which he was riding on a highway, by the overhanging branches of a tree, which injury resulted in his death a few days later. There was a trial, resulting in a verdict for plaintiff for $2,500. The present motion is based on the case of Bartram v. Sharon, 71 Conn. 686, 43 Atl. 143, 46 L. R. A. 144, 71 Am. St. Rep. 225, which held that the damages recoverable under such statute are in the nature of a penalty.

See 138 Fed. 1004.

William A. Pew, Jr., and Walter S. Schutz, for complainant.
Donald G. Perkins and Charles A. Gallup, for defendant.

PLATT, District Judge. I do not think that the opinion of the Supreme Court of the state in Bartram v. Sharon, 71 Conn. 686, 43 Atl. 143, 46 L. R. A. 144, 71 Am. St. Rep. 225, can be tortured into an authority for so construing section 2020, Gen. St. Conn. 1902, that it becomes such a penal statute as will prevent the survival of an action upon it, in case of death resulting from a defective highway. Last amendment to motion in arrest denied.

All former motions filed by defendant since the verdict having been heretofore denied, let judgment be entered on the verdict.