OLIVE JOHNSON *vs.* THE CITY OF NEW HAVEN.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.*

Argued December 8th, 1937—decided January 5th, 1938.

---

\* By agreement of counsel the case was argued before and decided by four judges.

*John Clark FitzGerald,* with whom, on the brief, were *David E. FitzGerald, Jr.,* and *M. Edward Klebanoff,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, were *Vincent P. Dooley* and *Harold C. Donegan,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff brought this action to recover for personal injuries suffered as a result of a fall upon a sidewalk in the defendant city on January 23d, 1935.  The sidewalk is in front of a park in charge of the city.  At the point where the plaintiff fell the sidewalk sloped at a grade of about 7 per cent. downward in the direction in which she was going.  The weather had been inclement for some days.  On the day before she fell there had been a fall of rain, sleet and snow amounting to four-tenths of an inch, which ceased at 8 p. m.  Snow began again on the morning she fell, a little before ten and continued the rest of the day.  Her fall occurred in the late afternoon at a time when the sidewalk was covered with snow.  The immediate cause of the fall was that there was a patch of heavy ice upon the sidewalk and in stepping upon the snow over it this slipped on the ice beneath it.  The city employed two men whose duty it was to clean and take care of the walks of the park, including that where the plaintiff fell.  On the day before these men had cleaned the snow from the walks in their charge, finishing at 3.30 p. m., and had then sanded them, finishing at 4.30 p. m.  On the day of the accident they reported for work at 8 a. m. but did not again sand the walk before the snowfall commenced.  The trial

court reached the conclusion that the city had taken all reasonable means to make the sidewalk reasonably safe for public travel before the plaintiff fell.

The claim of the plaintiff is that the men employed by the city to care for this sidewalk should have discovered that it was in a dangerous condition due to the ice upon it on the morning the plaintiff fell and have taken the precaution of sanding it before the snowstorm on that day began, and that had they done so the plaintiff would not have fallen. This claim necessarily involves two propositions, that the sidewalk, despite the fact that sand was put upon it the day before, was not reasonably safe before the snow began on the day the plaintiff fell, and that had it been sanded the plaintiff would not have fallen. Neither of these propositions is supported by the finding, nor is there evidence which would justify us in adding them to it. It is true that under the finding as we have corrected it the city employees finished sanding the walk on January 22d at 4.30 p. m. but the fall of snow on that day continued until 8 p. m. However, the entire fall of rain, sleet and snow on that day amounted to only four-tenths of an inch and from the time the sanding was finished until the plaintiff fell the temperature was apparently close to or below freezing. There is no basis in the record, therefore, for finding that any part of the storm on the 22d, which continued after the city employees sanded the walk, so affected its condition as to make it unsafe on the morning of the 23d. Nor can we correct the finding to show that had sand been placed on the walk that morning the plaintiff would not have fallen as she did.

The plaintiff relies particularly upon the case of *Davanza* v. *Bridgeport*, 118 Conn. 23, 170 Atl. 484, which presented a somewhat smilar situation. In that

case we could not find that the trial court might not reasonably have concluded that the city had failed in its duty. In the case before us had the trial court given judgment to the plaintiff it is possible that we might have reached a similar conclusion. The question was, however, one primarily for the determination of the trial court and we could find error only if we could hold that the court could not reasonably reach the conclusion it did. This we cannot do. The case of *Frechette* v. *New Haven*, 104 Conn. 83, 132 Atl. 467, is easily distinguishable upon the facts then before the court, because it was there found that the city had not taken such precautions as it took in the case before us, by sanding the ice on the walk which lay under the snow upon which the plaintiff slipped.

There is no error.

In this opinion the other judges concurred.