BERTHA LEITKOWSKI *v.* TOWN OF NORWICH.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 1—decided December 7, 1938.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (plaintiff).

*Josiah Greenstein,* for the appellee (defendant).

JENNINGS, J. The finding, with such corrections as can be made therein, discloses the following facts: The Elizabeth Street School is situated on a street of that name in a well-settled, suburban district of Norwich. It is attended by about one hundred children

of the neighborhood. Due to the absence of sidewalks, the children use the street in going to and from school. The accident under investigation occurred on January 29, 1936. There had been a heavy snow on January 19th and light snow with wind on January 26th and 27th. The temperature had been below freezing from the nineteenth to twenty-ninth except on the twenty-second when it rose to thirty-seven degrees for part of the day. On January 29th about six feet in the center of Elizabeth Street was for the most part glare ice and on either side there were three or four feet of cracked ice and the remains of the snow. On January 29th the plaintiff, about fifteen years of age and a regular attendant at the school, left it for home in the early part of the afternoon. While walking in the middle of the road, rather than on the side, on a comparatively level stretch between two slopes on Elizabeth Street, she slipped on the ice, fell and was injured.

The town of Norwich has over one hundred miles of highways. During the year 1935-1936 the town appropriated $30,000 for highway maintenance and during that winter expended $2680.82 for snow and ice removal. During the week that the plaintiff fell the town spent $360.25 in the removal of snow and ice from its highways, using twenty-nine men and four trucks in so doing. The second selectman had charge of the highways, made frequent inspections of them and inspected the place of accident twice between the nineteenth and twenty-ninth. On neither occasion did he put any sand, ashes or other substance on the street because, under the circumstances, he did not consider it necessary. The town had no actual notice of any defect existing on Elizabeth Street.

The heft of the plaintiff's argument is necessarily directed to securing corrections in the finding. Some of those requested have been made but even so it is

obvious that the finding supports the judgment. The basic allegation of the plaintiff's complaint is that her injury was caused by the failure of the defendant to exercise reasonable care to keep the highway in a reasonably safe condition for travelers thereon. In order to recover, she must not only prove this allegation but she must also prove that this failure was the sole cause of her injury. *Gustafson* v. *Meriden,* 103 Conn. 598, 607, 131 Atl. 437. The trial court concluded that the plaintiff failed to prove the last element by a fair preponderance of the evidence and that the town had used reasonable care to keep the street in a reasonably safe condition for the use of travelers.

The conclusion that the plaintiff had not proved the claimed defect to have been the sole cause of her injury is supported by the finding that she elected to walk in the middle rather than on the comparatively safe sides of the road. The burden was on the plaintiff to prove that the claimed defect was the sole proximate cause of her injury and unless the trial court was satisfied that neither her own contributory negligence nor the culpable act of a third party proximately contributed to that injury she was not entitled to recover. *Bartram* v. *Sharon,* 71 Conn. 686, 690, 43 Atl. 143; *Messina* v. *New Haven,* 119 Conn. 166, 168, 174 Atl. 188. The problem of looking after the defendant's highways and the methods adopted by it for taking care of its streets in general and this street in particular were developed with unusual particularity. These are usual and proper considerations in determining whether a town has fulfilled its statutory duty in this regard. *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502. The affirmative conclusion that the town did fulfil this duty was one which the court could have reasonably reached. *Johnson* v. *New Haven,* 123 Conn. 569, 571, 572, 196 Atl. 343.

These conclusions render the discussion of the question of constructive notice unnecessary.

There is no error.

In this opinion the other judges concurred.