MARY CARNEY
*vs.*
CITY OF NEW HAVEN ET ALS.

Superior Court          New Haven County          File No. 58045

MEMORANDUM FILED APRIL 29, 1940.

*Edward S. Snyder*, of New Haven, for the Plaintiff.

*Vincent P. Dooley*, Corporation Counsel, of New Haven, for the Defendants.

CORNELL, J.  The complaint, in addition to allegations designed to state a cause of action against the defendant property owners, also seeks to hold the defendant City of New Haven liable for certain injuries allegedly sustained by the plaintiff resulting from a fall on a public sidewalk caused by the icy condition thereof.  The suit, in so far as liability on the defendant city is concerned, predicates upon the provisions of section 1420 of the General Statutes, Revision of 1930, which confers a right of action upon any person injured in person or property by means of a defective road or bridge against a town bound to keep it in repair.  Included within the meaning of "defective" as employed in this statute are conditions dangerous to public travel caused by the presence of ice and snow.  *Leitkowski vs. Norwich*, 125 Conn. 49; *Willoughby vs. New Haven*, 123 id. 446; *Schroeder vs. Hartford*, 104 id. 334, and cases cited in the opinion in the last named case.

In demurring to the complaint, in so far as its allegations apply to it, the defendant city assigns two reasons, viz., (1) ". . . . there was no duty imposed upon the City of New Haven to maintain said sidewalk free and clear of ice and snow," and (2) "that the duty of keeping said sidewalk free from snow and ice at the time of the alleged accident was imposed upon the owners of the property pursuant to Section 2, Special Act of 1937. . . ."  The reference is to the provisions of "An Act Amending An Act Concerning Sidewalks in the City of New Haven", approved June 22, 1937, (Special Laws of 1937, No. 576), which amends "An Act Concerning Sidewalks in the City of New Haven", approved May 24, 1935, (Special Laws of 1935, No. 329).

This latter act was considered by the Supreme Court of Errors in *Willoughby vs. New Haven*, 123 Conn. 446, and the conclusions reached (1) that its provisions were not effective to shift the duty imposed by section 1420 of the General Statutes, Revision of 1930, upon towns with respect to injuries caused by defective conditions due to ice and snow on sidewalks, to adjoining property owners in the defendant city and (2) that

despite the provisions of such special act, liability for such injuries so caused still remained upon the defendant city under section 1420. In reaching the first of these determinations, the opinion (p. 455) lays emphasis upon the inadequacy of the language employed in the 1935 act to express the legislative intention that the provisions of section 1420 should no longer apply to the City of New Haven and that instead of the liability imposed by the latter on towns, this, in New Haven, should be placed on property owners. The 1937 special act, however, had been approved about six months before the opinion in the *Willoughby* case was written, and while the latter was governed by the 1935 act, the court in pointing out the deficiencies of this, gives expression to an illustration which it is contended is decisive of the questions raised by the instant demurrer. . This occurs on page 453 and reads: "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms, as was done, for example, in the statutes now §§1420 and 3755 of the General Statutes and *in the Special Act of 1937....*" (Italics added.)

The portions of the 1937 special act so referred to as containing a clear expression of legislative intention, so far as material here, occur in sections 1 and 2 thereof, respectively and provide: "Section 1....no action claiming damage to person or property under said sections shall be maintained against the city of New Haven for defective sidewalks caused by snow and ice." (The "said sections" referred to are §§1419 and 1420 of the General Statutes, Revision of 1930, the first mentioned of which confers a right of action upon persons injured or whose property is damaged by reason of the failure of a person bound to maintain a bridge or road to "erect and maintain a sufficient railing or fence" on the side thereof, and is not directly involved here.) "Sec. 2....The duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner and, for any injuries sustained as a result of a breach of this duty, the owner shall be liable in damages to the person or persons so injured." It is thus claimed in support of the instant demurrer that the defects of the 1935 special act having been repaired in the 1937 special act and the opinion in the *Willoughby* case having made this manifest, there has now been accomplished, as a result, an absolution of the defendant city from the performance of the duty for the violation of which it is required to respond in damages under

section 1420, as respects defective conditions arising from snow and ice upon sidewalks and, in place thereof, a like duty has been fixed upon the owners of property adjoining sidewalks in that municipality.

In considering this claim, reference must be made to certain propositions of law which are now to be regarded as elementary. The first of these is that sections 1419 and 1420 of the General Statutes, Revision of 1930, impose a penalty, the amount of which is the equivalent of just compensation for the injury sustained to person or damages done to property. *Bacon vs. Rocky Hill*, 126 Conn. 402, 11 A. (2d) 399. The second is that the penalty is imposed for the failure to perform a duty. That duty in so far as the present issue is concerned, is that imposed by section 1411 of the General Statutes, Revision of 1930, the operative portion of which, as here involved, provides: "Towns shall, within their respective limits, build and repair all necessary highways and bridges. . . . except when such duty shall belong to some particular person." *Lavigne vs. New Haven*, 75 Conn. 693, 695; *Seidel vs. Woodbury*, 81, id. 65, 67. Third, the duty thus imposed upon towns is governmental in character. *Lavigne vs. New Haven,* supra, 694; *Seidel vs. Woodbury, supra,* 67. And violation of public obligations of this nature ordinarily confer no right of action upon any person. When the right to sue on such account is given, it occurs only by favor of the sovereignity. The existence of the duty and the imposition of a penalty for violation of it, are, obviously, two distinct subject matters. While it is self-evident that there can be no penalty without a duty, it is equally patent that there may be a duty without a penalty for failure to perform it. So the mere imposition of the duty delegated by section 1411 implies no penalty for its violation and particularly invests no individual with a right of recovery for damages sustained by him on that account. *Lavigne vs. New Haven, supra,* 695. For the predecessor enactment of what now exists in the form of section 1411, merely imposed the duty to build and repair public highways except in the rare instances where it was deposited on some person, but the penalty to respond in damages to individuals injured in person or damaged in property because of a violation of such duty as now exists in section 1420, was not provided until 1672. All this is made plain in the opinions in *Lavigne vs. New Haven* and *Seidel vs. Woodbury,* both *supra,* and has been consistently adhered to since in other opinions, citation of which is omitted. *But see, also, the*

opinion in *Bacon vs. Rocky Hill, supra.*

By its express terms, prohibition against maintenance of actions against the defendant city for injuries caused by snow and ice in the special act of 1937 applies only to causes authorized by sections 1419 and 1420, both of which are concerned only with the penalty fixed for the violation of the duty imposed in section 1411. Nothing appears in that statute to definitively indicate any intention to relieve the City of New Haven, however, from the performance of the duty described in section 1411. Unless, therefore, despite the lack of an express statement to that effect, the act, read as a whole, implies such an intendment, that duty still remains upon the defendant city to the full extent that it applies to all other towns in the state.

The defendant city in this connection contends that the content of section 1 of the 1937 special act, read together with the operative portion of section 2 thereof, quoted *supra*, manifests an intention to transfer the duty described in section 1411 and the penalty for failure to perform it, in so far as it pertains to defective conditions on sidewalks caused by snow and ice, to property owners whose land adjoins such sidewalks and that from this the implication is plain that it was the legislative design to except the defendant city from the duty imposed by section 1411 to the extent that such duty was thus shifted to such property owners. This assumes, of course, that the duty resting upon towns defined in section 1411 is the same as that visited upon property owners in the City of New Haven in section 2 of the special act of 1937 quoted *supra*. There is no occasion under the issues here to examine the plight of property owners in New Haven under the special act of 1937, except as doing so may throw light on the status of the defendant city under section 1411, but within that purpose it may be observed that it is far from clear that the duty imposed on property owners under the 1937 special act is identical with that placed on towns under section 1411. The duty required of property owners under the former is that of "keeping sidewalks....free from snow and ice...." No such stringent obligation devolves on towns under the provisions of section 1411. The latter requires only that sidewalks be free from conditions such as would make them dangerous for public travel—in other words, defective. Within this concept a sidewalk may be factually safe for public use even though a considerable quantity of snow and ice be upon its surface. Then, too, section 1411 exacts no duty of a town as regards any particular sidewalk within its

limits. Liability may be predicated under section 1420 only if it appears that its failure with respect to any particular street is the result of its default with regard to all of its streets as a whole. *Ritter vs. Shelton*, 105 Conn. 447, 450. Without further discussion, the conclusion seems justified that the General Assembly aims at two different targets in section 1411 and in the special act of 1937, viz., that in the one it placed the ultimate responsibility for the safety of highways within the limits of a town upon such governmental agencies and in the other deposited upon property owners in that municipality the duty of removing conditions from the public sidewalks which when discharged would materially aid the defendant city in performing its duty under section 1411. However this may be, the point is that there is no such certainty that the duty placed upon property owners under the special act of 1937 is identical with that resting upon the defendant city under section 1411 as respects defective conditions on public sidewalks due to snow and ice, as would lay the basis for an implication that the imposition of the duty upon property owners under such special act was intended to relieve the defendant city of any part of its duty under section 1411. Indeed, the contrary conclusion is the more logical one in the light of the provisions of the city charter mentioned on page 449 of the *Willoughby* case.

Much of the confusion which apparently exists as concerns the effect and scope of the 1930 special act emanates from the provision thereof which prescribes that the penalty imposed upon a property owner for failure to remove snow and ice from sidewalks adjoining premises owned by him is in the form of damages to be paid to any person injured as a result of his default. This coupled with the prohibition against the maintenance of any action against the defendant city for defective sidewalks caused by snow and ice in section 1 of the special act of 1937, when read in connection with section 2 thereof, superficially suggests a transfer of liability upon the part of the city under the one, to adjoining property owners under the other. But the omission to exonerate the defendant city from the performance of the duty which devolves upon it in common with all towns in this State under the provisions of section 1411, accompanied by the strong implication arising from the apparently deliberate choice of different language in describing the duty placed upon property owners in section 2 of the special act of 1937, repels rather than demonstrates the

idea that as a result of the special act of 1937 the defendant city was relieved from the duty delegated to it in section 1411. At the same time this conclusion requires that another purpose be assigned to the duty placed upon property owners under section 2 of the 1937 special act and points out the niche to be occupied by it in the legislative structure. That is, that its onerous provisions are designed to act as a more compelling assistance to the defendant city upon the part of property owners to enable the defendant city to more effectively discharge its duty under section 1411, either in addition to or in substitution for other provisions of the City of New Haven's charter or any ordinances which the latter's legislative body may have enacted, imposing penalties of criminal character to enforce the same duty. In this respect its function is no different than were the provisions in the 1935 act examined in the Willoughby case, at page 453. Whether or not the penalty imposed upon property owners in the special act of 1937 is valid is a question not presented by the instant demurrer. Under the construction given the 1937 special act herein, there would seem to be grave doubt whether it may be found to rest within the limits of even a fact expanding police power. As the preceding discussion will indicate, it is the conclusion that the duty imposed by section 1411 applies to the City of New Haven, despite the provisions of the special act of 1937, and is unimpaired and unlimited by the latter.

The demurrer is overruled on both grounds.